# Lehigh & Wilkes-Barre Coal Company, Appellant, v. Luzerne County.

*Taxation—Uniformity—Actual value of real estate—Assessed value—Average ratio—Coal land.*

1. In determining the proper valuation of a particular tract of land for taxable purposes, due regard must be had for the valuation of other real estate in the same district.

2. In ascertaining the valuation of a particular tract of coal land for the purpose of taxation, if it appears as a fact that other real estate in the county had been assessed below its actual value the court must determine the average ratio of assessed to actual value as the basis for the valuation of the coal lands in question.

3. The principle of uniformity is the guide post pointing the way for the local assessor who makes the assessment in the first instance; for the county commissioners when the returns are made and considered; for the board of revision when at the triennial assessment valua-

tions are revised, corrected and equalized; and for the courts in making such orders and decrees as may seem equitable and just on appeal.

Argued April 15, 1909. Appeal, No. 123, Jan. T., 1909, by plaintiff, from order of C. P. Luzerne Co., Oct. T., 1907, No. 614, on appeal from tax settlement in case of Lehigh & Wilkes-Barre Coal Company v. Luzerne County. Before MITCHELL, C. J., FELL, BROWN, POTTER and ELKIN, JJ. Reversed.

Appeal from tax settlement. Before FULLER, J.

The case turned on whether the court had applied a proper rule in ascertaining the valuation of the coal lands in question.

*Errors assigned* were in the following form:

I. The court erred in overruling appellant's first exception to the court's conclusions of law and fact, which exception and the ruling of the court thereon are as follows:

1. The court having found in the sixth conclusion of law that, "If general custom or practice in a county has established as the basis of taxation not the full selling price but only a certain percentage thereof, this custom or practice, although bad and unlawful, must fix the standard for all, and any particular property, even though it be assessed at no more than real selling value, must enjoy the privilege of reduction to the established percentage;" the appellants respectfully except to the further finding in said sixth conclusion, "but no such fractional percentage can be considered a standard for use in the production of uniformity unless it is general, definite, and fixed by central authority.

"It must apply to the whole county, and not alone to certain muncipalities therein.

"It must be an invariable factor applied throughout, and not merely an average obtained by addition and division of sundry different factors.

"It must be fixed by the commissioners sitting as a board of revision and acting upon returns made by assessors in the manner prescribed by law, and not fixed by each separate

assessor according to his individual foolishness in fifty different districts.

"It is not enough to show a general practice of assessment below value." *Answer:* "After further reflection and consideration of able briefs, pro and con, we stand by our former conclusion that the valuation of $2,400 per acre was a just and equitable result, regardless of any possible flaws in the reasoning by which that result was obtained; and we adhere thereto as our finding of fact in the case under all the evidence, hereby overruling all exceptions.

II. The court erred in overruling appellant's second exception to the court's conclusion of law and fact, which exception and the ruling of the court thereon are as follows:

2. The court having found in its statement of facts, "4. The general practice of assessors throughout the county has been and is, and in this particular triennial assessment was, to assess below value," the appellants respectfully except to the refusal of the court to ascertain and find the average rate of assessed value for county purposes. *Answer:* After further reflection and consideration of able briefs, pro and con, we stand by our former conclusion that the valuation of $2,400 per acre was a just and equitable result, regardless of any possible flaws in the reasoning by which that result was obtained; and we adhere thereto as our finding of fact in the case under all the evidence, hereby overruling all exceptions."

*A. H. McClintock* and *F. W. Wheaton*, with them *G. R. Bedford* and *A. L. Williams*, for appellant.—If it is the custom to assess other properties below actual value, then some fair, just and equitable ratio must be fixed by the court which can be applied to the appellant's coal lands.

What is said by this court in the only case we can discover, which has arisen under these acts, allowing appeals, Rockhill Iron & Coal Co. v. Fulton Co., 204 Pa. 44, is most apt and most trenchantly expressed.

Since the foregoing argument was in print, the case In re Assessment of D., L. & W. R. R. Co., appeal from Lackawanna county, was decided on March 29, 1909.

What is there said by Mr. Justice ELKIN is applicable to the position we have maintained that the court should have fixed the valuation of appellant's coal land at the same percentage of actual or market value as was generally the rate of valuation for other properties.

*S. J. Strauss,* with him *Wm. C. Price* and *Edmund E. Jones,* for appellee.

OPINION BY MR. JUSTICE ELKIN, June 22, 1909:

The two assignments of error in this case raise the question of whether the learned court below, having found as a fact that other real estate in the county had been assessed below its actual value, should have ascertained the average ratio of assessed to actual value as the basis for ascertaining the valuation of the coal lands in question for the purpose of taxation. In a recent case from Lackawanna county, not yet reported, and not decided when the case at bar was heard in the court below, it was held that in determining the proper valuation of a particular tract of land for taxable purposes, due regard must be had for the valuation of other real estate in the same district. We think that case rules this one on the question of uniformity here raised. The constitution provides that all taxes shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax. Real estate is the taxable subject with which we have to deal in the present case and the county of Luzerne is the district within the territorial limits of which the authorities levying the tax are prescribed. The mandate of the constitution speaks to all authorities having to deal with the subject of taxation. The principle of uniformity is the guide post pointing the way for the local assessor who makes the assessment in the first instance; for the county commissioners when the returns are made and considered; for the board of revision when at the triennial assessment valuations are revised, corrected and equalized; and for the courts in making such orders and decrees as may seem equitable and just on appeal. It is within the power of the local authorities to correct many of the evils

complained of by requiring all real estate to be assessed at its full market value, and if this be done, no taxpayer could then justly complain that he is required to bear more than his proportionate share of the public burdens. Most of the controversies arise in this class of cases, because this simple and effective remedy has not been applied. When the attempt is made, as it too frequently is made, to assess one kind of real estate at full value, another at half value and another at third value, or even less in some instances, the cry of unjust discrimination is raised and resistance or protest surely follows. Such a method of valuation is repugnant to the constitutional provision requiring uniformity. A uniform standard of valuation must be adopted and a uniform tax rate must be applied. This is what the framers of the constitution meant, and in aid of this principle the legislature in 1889 provided that the courts on appeal shall have due regard for the valuation of other real estate in the same district. Actual market value is the proper standard to ascertain assessable value, and the acts of 1834 and 1842 fixed the standard of valuation for real estate at the price it would bring at a bona fide sale after public notice. In other words, market value, at public sale is the proper basis of valuation for the purpose of taxation. This is still the law, but in practical application it is scarcely ever enforced. The framers of the constitution no doubt had this thought in mind when the principle of uniformity was written into the fundamental law. All real estate should be assessed at its actual market value, but it must be assessed at a uniform standard of valuation throughout the district, even if that valuation is below market value.

It is the duty of the courts acting under the authority of the act of 1889 to enforce a uniform valuation of all real estate in the district when this question is properly raised on appeal. We therefore agree with the contention made by the learned counsel for appellant in this case. The difficulty of determining the ratio of actual to assessed value was adverted to by the learned court below, but it is not a sufficient reason for denying appellant the right to have its land assessed upon the same basis of valuation as other lands in the same

district are assessed. These are difficulties with which courtś are frequently confronted and must be met and solved with an eye single to the legal rights of the parties. When the record is remitted, the court below must determine whether the evidence already offered is sufficient for the purpose of ascertaining this ratio. If it is, and this is largely and primarily a question to be determined there, the average ratio can be ascertained from the facts already established. If, however, the court below shall be of opinion that the evidence is not sufficient for this purpose, the case can be opened up and more evidence introduced.

Decree reversed and record remitted with instructions to hear and determine the question raised by this appeal in accordance with the views expressed in this opinion. Costs of this appeal to be paid by appellee.