# Adams Express Company, Appellant, v. Harrisburg.

*Taxation—Joint stock companies—Express company—Tax on horses—Common carriers—Interstate commerce.*

A joint stock company existing under the laws of the State of New York and doing business as a common carrier of merchandise in Pennsylvania and other states, and between states, is liable to pay a tax on horses over four years of age, which it owns.

Argued March 9, 1915.   Appeal, No. 4, March T., 1915, by plaintiff, from decree of C. P. Dauphin Co., No. 498, Equity Docket, dismissing bill in equity in suit of Adams Express Company v. City of Harrisburg and Owen M. Copelin. Before RICE, P. J., ORLADY, HEAD, HENDERSON, KEPHART and TREXLER, JJ.   Affirmed.

Bill in equity for an injunction.

Demurrer to bill.

Bill averred that plaintiff is a joint stock association formed under the laws of the State of New York for the purpose of carrying on the business of express forwarding from, between and to any places of all manner of parcels, goods, &c., and that it is registered in the office of the auditor general in the State of Pennsylvania and authorized to do business within the State and within the territorial limits of the City of Harrisburg, a city of the third class; that plaintiff was the owner of eleven horses used in the City of Harrisburg for hauling its express wagons in the delivery of goods received by plaintiff as an express company and common carrier engaged in the forwarding of goods in both intra and interstate trade, and in the collection of goods to be so forwarded; that said plaintiff as a joint stock association made regular reports to the auditor general of the State of Pennsylvania, and annually pays to the State a capital stock tax, which is a tax upon all the property, including

said horses, of plaintiff in the State of Pennsylvania; that in additionally plaintiff pays to the said State a tax upon the gross receipts of its business as an express company; that the horses aforesaid are indispensably necessary for the conduct of the business of plaintiff, and without them plaintiff would have been unable to perform the full requirements of its duties and responsibilities; that in the year 1910 the City of Harrisburg enacted an ordinance laying a tax of nine mills on taxable property in the City of Harrisburg, and that said tax was levied upon the eleven horses aforesaid and the assessment thereon was delivered to the collector of city taxes, which collector of city taxes was about to levy on and sell said horses and other personal property belonging to plaintiff for the purpose of collecting the said tax that amounted to $4.95. The bill prayed that the defendants be enjoined from the collection of said sum of $4.95, or any part thereof, and from levying upon or selling the horses or other property of plaintiff. The defendants demurred that plaintiff upon the face of the bill was not entitled to the relief claimed; that no cause was shown by the bill entitling plaintiff to the relief prayed and that plaintiff is not such an organization as will entitle it to exemption from local taxation.

. The court sustained the demurrer and dismissed the bill.

*Error assigned* was decree dismissing the bill.

*John Lewis Evans,* with him *Charles H. Bergner* and *Thomas DeWitt Cuyler,* for appellant.—So much of the property of a joint stock association engaged in public service as is indispensable to the performance of its public duties is not subject to local taxation under the Pennsylvania Statutes: People's Pass. Ry. Co. v. Taylor, 22 Pa. Superior Ct. 156; United States v. American Express Co., 199 Fed. 321; Schuylkill River Bridge v. Frailey, 13 S. & R. 422; Coatesville Gas Co. v. Chester County, 97 Pa. 476; Northampton County v. Pass. Ry.,

8 Pa. C. C. R. 442; Scranton v. Scranton Electric Light
&, Power Co., 8 Pa. C. C. R. 626.


*Daniel S. Seitz,* City Solicitor, for appellees.


OPINION BY HENDERSON, J., July 21, 1915:

It is conceded that horses over four years of age are
subjects of taxation for local purposes in this State. The
assessment of the appellant's horses was not exception-
al, therefore. It is contended, however, that they are
not subject to such taxation because the plaintiff is a
joint stock company existing under the laws of the State
of New York and doing business as a common carrier
of merchandise in Pennsylvania and other states. We
are not informed what are the limits of its legal ca-
pacities and liabilities. If it resemble joint stock com-
panies formed under the laws of this Commonwealth it
is a partnership association with a limited liability of
shareholders or members. It is admitted in the argu-
ment of the learned counsel for the appellant that there
is no authority in this State which expressly supports
the position contended for. Numerous decisions con-
struing tax legislation have held that the property of
certain corporations indispensable to the carrying on
of the business for which they were organized is not sub-
ject to taxation for local purposes. There being no ex-
press legislation imposing a tax on the chattels of such
corporations the courts have held that the law will not
by inference subject that to taxation which is repre-
sented by the capital stock of the company and taxed
specially by the legislature. But these decisions all
relate to public or quasi public corporations. A public
corporation was defined in Schuylkill County v. Citi-
zens' Gas Co., 148 Pa. 162, to be a corporation which
cannot carry out the purposes of its organization with-
out chartered rights from the Commonwealth. The
power to tax the public works of such corporations in-
cluding all the property indispensably necessary to the

exercise of the corporate functions had been exercised in a different way by the State. A private corporation needs no franchise from the Commonwealth to permit it to carry on its business. It has no delegation of sovereignty and owes no duty to the public as a consequence of the grant of power by the State. If this be true of private corporations it must also be the law as applied to the appellant. The argument in support of the appeal would give to any partnership engaged in the transportation of passengers or merchandise the same exemption which is claimed for the plaintiff. The right to relief as against the general law creating a liability for tax on personal property must be made clear. The right to classify subjects of taxation was decided in Germania Life Ins. Co. v. Com., 85 Pa. 518, where it was held that foreign insurance companies might be placed in a class by themselves as distinct from domestic insurance companies, and might be taxed differently from the latter. To the same effect is Com. v. Germania Brewing Co., 145 Pa. 83. The question is a legislative one and except when in violation of the Constitution the act of the legislature is conclusive on the court.

The bill sets forth that the horses were used in the collection and delivery of express matter within the City of Harrisburg and for no other purpose, and there is no clear averment that they were used in interstate commerce. It may well be doubted, therefore, whether the question is presented of an interference with interstate commerce in the assessment of the tax complained of. But that property in a state belonging to an individual or corporation engaged in interstate commerce may be taxed as is property of like character in the State has been expressly decided by the Supreme Court of the United States: Horn Silver Mining Co. v. New York, 143 U. S. 305; Ashley v. Ryan, 153 U. S. 436; Postal Tel. Cable Co. v. Adams, 155 U. S. 688. Where the taxation only incidentally affects the occupation of the company as all business whether of individuals or corpora-

tions is affected by common burdens of government the State may subject the property to taxation.    Manufacturing companies, partnerships, joint stock companies of this State, farmers and all other classes of citizens owning horses are required to pay tax thereon; and we have not been directed to any statute or adjudication of the courts of this Commonwealth which relieves the appellant from this common burden.

The judgment is affirmed at the cost of the appellant.

HEAD and KEPHART, JJ., dissent.