# Lehigh Valley Coal Company, Appellant, *v.* Luzerne County.

*Taxation—Coal lands—Assessments—Appeals—Market value—Findings of fact—Assignments of error—Exceptions.*

1. In the absence of evidence to show difference in quality or quantity, and other elements being substantially the same, it would seem that the coal underlying adjacent tracts should be assessed at the same valuation per acre; but the principle of uniformity is not violated merely because the valuation per acre, based upon sufficient evidence, differs from that which was placed upon adjacent land, in a different proceeding, and in such case a decree dismissing an appeal from the assessment fixed by the county commissioners sitting as a board of revision, will not be reversed upon such ground.

2. The question of the market value of real estate for the purpose of tax assessment is one of fact. By market value is meant the selling price at a bona fide sale after public notice.

3. The rule that the findings of fact by the court below based on sufficient evidence will not be disturbed on appeal except for clear error applies in cases of tax assessment.

4. There is no fixed and invariable rule for arriving at the market value of real estate; the court must determine the value from the best evidence available. The practice is universal to use the acre

as the unit of value in ascertaining the valuation of the entire tract, but conditions may be such that the foot acre method of ascertaining the value may be adopted.

5. Assignments of error not based on exceptions will be dismissed.

Argued April 12, 1916. Appeal, No. 403, Jan. T., 1915, by plaintiff, from final order of C. P. Luzerne Co., Oct. T., 1907, No. 799, dismissing appeal from a valuation by the County Commissioners, of certain land situate in Wilkes-Barre Township, Luzerne County, in case of The Lehigh Valley Coal Company v. Luzerne County. Before POTTER, STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Appeal from tax assessments of coal lands by the county commissioners  sitting as a board of revision. Before FULLER, P. J., GARMAN and O'BOYLE, JJ.

The opinion of the Supreme Court states the facts.

The court dismissed the appeal, FULLER, P. J., dissenting. Plaintiff appealed.

*Error assigned,* among others, was in dismissing the appeal.

*F. W. Wheaton,* with him *A. L. Williams, G. R. Bedford* and *A. H. McClintock,* for appellant.

*William S. McLean, Jr.,* with him *Richard B. Sheridan, John T. Lenahan* and *William S. McLean,* for appellee.

OPINION BY MR. JUSTICE POTTER, July 1, 1916:

It appears from the record in this case, that The Lehigh Valley Coal Company appealed to the Court of Common Pleas of Luzerne County from the revision of the valuation and assessment of its land, &c., in Wilkes-Barre Township, Luzerne County, for the year 1907, by the county commissioners of that county, acting as a board of revision. The appeal was filed August 15, 1907,

but owing to the pending of similar cases relating to the
assessment of other coal lands adjacent to those here in
question, and to other causes, the hearings in the case
did not begin until December 12, 1912, and the decision
was not rendered until July 7, 1915.

The county commissioners assessed that portion of
plaintiff's property where it owned both the surface and
the underlying coal, at $1,332 per acre, and that portion
which consisted of the coal alone, at $1,317 per acre. The
appeal was heard before three judges. A majority of
them found that the assessment should have been fixed
at $1,920 per acre, which was considerably in excess of
the amount fixed by the commissioners, and as this find-
ing made it apparent that the valuation from which the
appeal was taken was not excessive it followed that the
appellant had no just cause for complaint, and the ap-
peal was dismissed. The president judge of the court
below filed a minority opinion, in which he fixed the
valuation of the coal at only $650 per acre. He admitted
that this valuation was not based upon the evidence, but
was determined by his understanding of the effect of the
decision in the case of Lehigh & Wilkes-Barre Coal Co.
v. Luzerne County, 231 Pa. 481.

The majority of the court below filed with their opin-
ion, findings of fact and conclusions of law, and also
answers to requests of the parties for findings, in the
same manner as in an equity case. But no exceptions
were filed by either side to these findings and conclusions,
or to the decree dismissing the appeal, until, on Septem-
ber 27, 1915, the appellant, by leave of court, filed an
exception to the decree dismissing the appeal, nunc pro
tunc as of July 7, 1915. From the decision of the court
below, the Lehigh Valley Coal Company has taken this
appeal, and has made the final decree the subject of its
seventh assignment of error. The question here raised
may be considered under that assignment. None of the
other assignments are based upon an exception taken in
the court below. Counsel for appellant cite and rely

upon, as sustaining their position, the case of Lehigh & Wilkes-Barre Coal Company, supra.   That case was twice before this court.   In 225 Pa. 267 and 272, the lower court was reversed for reasons which have no relevancy here.   But Mr. Justice ELKIN there said (p. 277) : "The law requires that the valuation of a tract of land for the purpose of taxation shall be ascertained and determined upon the basis of market value, which means selling price at a bona fide sale after public notice.   The practice is universal to use the acre as a unit of value in ascertaining the valuation of the whole tract, but this is the superficial and not the foot acre.   The value of the superficial acre is the fact to be ascertained and determined, and any just basis of arriving at a correct valuation of the superficial acre may be considered.   The conditions may be such that the foot acre method of ascertaining the value of the superficial acre may very properly be adopted."   Further on he reiterated : "The fact to be determined is the assessable value of the lands under consideration, and the courts must determine this question from the best testimony available."   Upon further hearing in the court below, the finding of the trial judge that the coal there in question was worth $1,920 per acre was overruled by his colleagues, but this court in 231 Pa. 481, reversed that action and entered judgment in accordance with the finding of the trial judge.   But an examination of the opinion shows that this court was not concerned in fixing any particular valuation per acre.   We merely decided that the trial judge adopted a proper method, in that case, and that his finding was based upon sufficient evidence.   Mr. Justice ELKIN said (p. 483) : "The court in banc adopted the foot acre rule as the proper legal basis of determining the assessable value of these lands and held that the valuation for assessment purposes fixed by the county commissioners should be sustained.   To sustain this conclusion we must close our eyes to much that has appeared in the record of these cases.   The trial judge refused to adopt the foot acre rule

in the first instance and when the case was here before this court said in substance that he was justified in so doing and there is nothing in the record here presented to warrant a different conclusion now.   The trial judge was fully justified in acting upon the belief that he was not required at the second hearing to reverse his former ruling as to the foot acre rule and proceed to make a valuation upon a basis which had been rejected by the court below and here at the first hearing.   Under these circumstances it was error for the court in banc to fix a valuation upon the foot acre basis.   The trial judge fol-. lowed correct legal rules in his final disposition of this case.   If he erred in judgment in fixing the valuation of a virgin acre of coal in place, or in determining the percentage of unmined and available coal still remaining, or in ascertaining the ratio of assessed to actual value of other lands in the district, it was within the power of the court in banc to review all of these findings and to fix different amounts and percentages.   Nothing of this kind was done and there is no distinct finding that the conclusions of the trial judge in these respects were incorrect or not sustained by the evidence."   The ruling was, that under the circumstances of that case, the foot acre method of ascertaining value was not to be adopted.   But the opinion was not intended as an intimation that under no circumstances was it to be applied.   Much less was it intended that the valuation there fixed was to be applied to other tracts of coal.   Upon the contrary, the reason for condemning the universal use of the foot acre rule, was because of the difference in quality and accessibility of the coal in different tracts, so that as was said in Lehigh & Wilkes-Barre Coal Company's Assessment, 225 Pa. 277, "in many instances such a basis would work hardship and do injustice."   The attempt to apply any other fixed and invariable rule would be apt to produce an unjust result.   The Lehigh & Wilkes-Barre Coal Company case was decided upon the evidence then before the court.   The fundamental fact was the finding as to

the fair market value of an acre of the virgin coal of that company. That valuation was based upon the evidence offered in that case. In the present case, the court below says, "we feel sure that if in the Lehigh & Wilkes-Barre Coal Company's case the same evidence had been produced as was admitted in the present appeal, a different valuation for that company's lands would have been found." It should be noted that in the opinion in that case (231 Pa. 483) it is expressly said that the court in banc might have revised the finding of the trial judge if he had erred in fixing the valuation of a virgin acre of coal in place, or in determining other questions affecting amounts and percentages. It was within the power of the court in banc to review all of these findings and to fix different amounts and percentages. But it is pointed out that nothing of this kind was done, and it was not shown that the conclusions of the trial judge were not sustained by the evidence. In the present case the findings of the court below as to value are abundantly supported by the evidence. The value must be fixed by the proof offered in each case and at the price the property would bring at a bona fide sale after due notice. As the president judge well said in his opinion in this case, the fair market value of the coal is to be determined by what the competent, credible and controlling evidence in the case proves. By that standard, the court below has been guided in reaching its conclusion. It will not do to say that the principle of uniformity has been disregarded in this proceeding because the result has been to reach a valuation higher in proportion than that placed upon an adjoining tract in another proceeding. That may have been, and according to the intimation of the court below in this case, it was, due to lack of proper evidence as to the value of the virgin coal in place. If so, the error as to that tract can be corrected in a subsequent assessment, and the principle of uniformity can be thereby properly vindicated. In the absence of evidence to show difference in quality or quantity, and other elements being substan-

tially the same, it would seem that the coal underlying adjacent tracts should be assessed at the same valuation per acre. But we cannot say that the principle of uniformity is violated, merely because the valuation per acre, based upon sufficient evidence, differs from that which was placed upon adjacent land, in a different proceeding, based upon different evidence, perhaps not so complete, or less informative. The question of the market value of real estate is manifestly one of fact, and it is unnecessary to cite authorities to show that, on appeal, findings of fact by the court below, based on sufficient evidence, will not be disturbed except for clear error. This rule applies in cases of tax assessment: York Haven Water & Power Company's App., 212 Pa. 622.

The seventh assignment of error is overruled, and the other assignments not being based upon exceptions, are dismissed. The order and decree of the court below is affirmed, and this appeal is dismissed at the cost of appellant.