# Thompson's Appeal.

*Taxation—Tax settlement—Appeals — Consolidating appeals— Assignment—Findings of reviewing judge — Coal lands — Market value — Foot-acre rule — Presumption from assessment records — Practice, C. P.*

1. Where, on an appeal from a triennial tax assessment of lands, one of the three judges is designated to find the facts, the findings of such judge is not conclusive upon his associates.

2. When the case comes back to the whole court on report or exceptions, it may be treated, in final disposition, unaffected by the findings or opinion of the minority.

3. On appeal from final disposition, the appellate court will not reverse except for clear error in the ultimate determinations.

4. On appeal from a tax assessment of coal lands, where there has been no sales of land in the immediate vicinity, a standard, reasonable and fair value, approximating the market value, which in fact would be such, may take its place. The proof must be sufficient to overthrow the prima facie case made out by the presumption from the record of assessments.

5. A value fixed on all the essential elements that go to make up its worth, such elements as appear reasonable to fair-minded men, should satisfy the property owner and the county. The court must determine the value from the best evidence available.

6. Under the extraordinary conditions of this case, and because the foot-acre rule could not be applied,—the seams being of uneven and varying thickness, with pockets,—the value of such land may be established by the opinion of mining engineers, who must take into consideration all matters affecting the probable selling

price of the land, including the probable quantity of marketable or minable coal in the ground.

7. Where, on appeal from tax assessment of coal lands in several townships, there is evidence to justify a statement of proportionate value, and the court below inadvertently fails to allow a proper reduction based thereon, as to land in certain of the townships, the Supreme Court, on appeal, will correct the error.

8. In this case the land was situated in six townships, and, for convenience, the various tracts were consolidated into one appeal in each township. No objection was made to this practice, and the appeals were duly heard.

Argued February 16, 1921. Appeals, Nos. 286-291, Jan. T., 1921, by Albert Thompson, from orders of C. P. Schuylkill Co., May T., 1919, Nos. 388, 390-394, sustaining exceptions to findings of fact of reviewing judge, in re Petition of Albert Thompson for appeal from Triennial Assessment of Taxes for the year 1919. Before FRAZER, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Decrees affirmed and modified.

Appeals from triennial tax assessments of lands.

The opinion of the Supreme Court states the facts.

The court in an opinion by BERGER, J., sustained exceptions to the findings of KOCH, J.

*Errors assigned* were the various orders, quoting them.

*George M. Roads,* with him *P. B. Roads* and *W. C. Devitt,* for appellant.—The findings were conclusive: Lehigh & Wilkes-Barre Coal Co.'s Assessment, 225 Pa. 272; Helb v. Hake, 203 Pa. 626; Thompson's App., 103 Pa. 603; Jeanes's App., 116 Pa. 573; Griffin's App., 109 Pa. 150; Hindman's App., 85 Pa. 466.

The method of arriving at the market value of lands for taxation purposes was clearly erroneous: P. & R. C. & I. Co. v. Northumberland County, 229 Pa. 460; D., L. & W. R. R. Co.'s Assessment, 224 Pa. 240.

*Arthur L. Shay,* with him *Edmund D. Smith,* for appellee.—The opinions of the majority of the court with its decrees is the action of the court, and the majority having also heard the case, its findings have the weight of a verdict of a jury and will not be set aside save for manifest error: Anthracite Lumber Co. v. Lucas, 249 Pa. 517; Scranton v. Scranton Coal Co., 256 Pa. 322; Hayes v. Arcade Real Estate Co., 257 Pa. 566, 571; Spiese v. Mutual Trust Co., 258 Pa. 414, 419; Compton v. Hoffman, 265 Pa. 257, 264; Lehigh Val. Coal Co. v. Luzerne County, 255 Pa. 17; P. & R. C. & I. Co. v. Northumberland County Com'rs, 229 Pa. 460; Lehigh & Wilkes-Barre Coal Co.'s Assessment, 225 Pa. 272-276; Washington County v. Marquis, 233 Pa. 552; Lehigh Valley Coal Co. v. Com'rs, 250 Pa. 515, 523-4.

OPINION BY MR. JUSTICE KEPHART, July 1, 1921:

This is an appeal from the 1919 triennial assessment of lands owned by appellant in Schuylkill County. His holdings consist of a number of tracts, in the aggregate 10,283 acres, of which 4,314 are underlaid with coal. From the assessor's returns there were appeals to the Board of Revision, which, after a hearing, fixed the valuations. Appeals were then taken from the action of the board to the court of common pleas. The entire court of three judges heard all cases. After all the evidence was submitted one of the judges was designated as a reviewing judge to analyze the evidence and make findings. This was done and nisi decrees were filed by the reviewing judge. Exceptions were taken by the Board of Revision to these findings and the court in banc heard arguments thereon. The majority disagreed with the findings of their associate and entered a final decree increasing the valuation fixed by the reviewing judge, reducing, however, that fixed by the board. From the decrees thus entered the property owner appeals.

The land is situate in six townships, and, for the convenience of the court below, the various tracts were con-

solidated into one appeal in each township. We need not discuss the regularity of such procedure, as no assignment questions it. As consolidated into one appeal from each township, full justice may be done appellant and the county. The reviewing judge appraised the property for taxable purposes in all townships at $287,-020.25; the court in banc at $624,172. In reaching a final conclusion, the court below held appellant's evidence as to four townships did not overcome the prima facie case made out by the assessment records, showing the valuation as returned, with the data affecting the same. A presumption arises from this evidence that the assessments were just, equitable and uniform in comparison with the value of other real estate in the district or county, and were made on a legal basis. On this finding the board's valuation in Butler, Cass, Ryan and New Castle Townships were not changed, but they were reduced in the Townships of West Mahanoy and Blythe.

Appellant asks us to hold,—inasmuch as the judge designated as a reviewing judge found facts and conclusions of law inconsistent with the prima facie cases made out by the records,—the presumption flowing therefrom was overcome and no longer available on exceptions; that the reviewing judge's findings should be treated as though made by a master or auditor, and should not be set aside unless plain, obvious error is committed, or where the whole evidence preponderates against such finding.

When an appeal is taken from a tax assessment to the court of common pleas, the proceeding in court is de novo, and where, as here, all the judges heard the evidence and participated in the hearing, though one of their number was designated to find the facts, the authority and duty of the entire court is not thereby limited. The action of the reviewing judge is not conclusive upon his associates; his work is merely a convenient method for an appropriate and speedy dispatch of the court business. When the case comes back to the

whole court on report or on exceptions, it may be treated in final disposition, unaffected by the findings or opinion of the minority. It is in precisely the same condition as if the county had but one judge who, upon findings excepted to, applies the weight of the evidence and all presumptions arising in the case, regardless of findings. One of the reasons for "exceptions" is to point out mistakes of fact or law, and give the hearing judge an opportunity to correct them. But if his hands are tied by his own work, done in a preliminary way, exceptions would be useless. The court in banc has the unrestricted right to consider the evidence in all aspects, and as bearing on the case as originally developed. It is not necessary for it to make further findings; when exceptions to what may be considered material are sustained with a final decree, there will be sufficient for this court on appeal. We do not reverse here except for clear error in the ultimate determinations: Lehigh Valley Coal Co. v. Luzerne Co., 255 Pa. 17, 23. It is in the power of a court in banc to review the findings of the trial judge, though they may not have participated in them, and fix different assessments and percentages: Lehigh Valley Coal Co. v. Luzerne Co., supra, 21.

The court below committed no error in holding appellant's evidence did not overthrow the prima facie case made out by the record of assessments produced by the board in Butler, Cass, Ryan and New Castle Townships. There is nothing in the evidence or the conclusions, unexcepted to, so irreconcilable with the final decree as to throw doubt on the decrees thus entered. Such findings, not excepted to, did not commend themselves to the court below as being material. There was sufficient evidence before it to make a just valuation for West Mahanoy and Blythe Townships, subject, however, to a slight matter hereafter mentioned. All witnesses agree the board's valuations were too high in these townships. There was some difference in the amounts reached by the different witnesses. For illustration, one of appellant's

witnesses fixes the value for West Mahanoy Township at
$44,072; other witnesses at a less figure; appellee at
$43,966.80 and the court below at $44,000. Blythe
Township was fixed at $27,500. Determining actual
value on the evidence submitted was but the exercise of
sound judgment and discretion.

Appellant contends a wrong method of determining
the value of the coal in place was adopted. There were
no sales of land in the immediate vicinity; to arrive at
what the land was worth, for the purpose of assessment,
of necessity required some method to be adopted. Persons cannot escape taxation merely because the recognized standard of value is not available in the way they
think it should be. A standard, reasonable and fair, approximating market value, which in effect would be such,
may take its place. It might be termed the only known
market value. A value fixed on all the essential elements that go to make up its worth, such elements as appear reasonable to fair-minded men, should satisfy the
property owner and the county. The land was purchased
in 1906, and of course the purchase price could not be
used as the market price. Because of the lay of the coal,
the foot-acre rule for ascertaining value could not be
used. So, being without a guide as to the sales of land
approximating the land in question in this or adjoining
counties, appellee was driven to some other plan to find
value. "There is no fixed and invariable rule for arriving at the market value of real estate; the court must
determine the value from the best evidence available."
Under the peculiar conditions of this property, we must
go a step further than the foot-acre rule. The seams are
uneven and of varying thickness, forming pockets and
stretching into thin areas. Boreholes over the land
show coal varying from 12 feet to 4 inches. Boreholes
and surface examination of the property, the owner's
map, state geological surveys, information from practical miners, engineers' reports and a general knowledge
of sales of anthracite coal lands were considered. The

continuity was shown, based upon the knowledge of the
existence of coal veins on this land and as they related
to other lands near by where coal was found and mined.
From all these factors a tonnage in place was demon-
strated. Upon it a marketable tonnage was determined.
It allowed 50% for surface support and 25% for contin-
gencies; the balance, 25%, the assessable tonnage, and to
this applied the marketable tonnage value of coal in
place, eight cents per ton, used as a factor in valuing
land, and ultimately an acre market value established.
Appellant, while not contradicting or consenting to this
method, says eight cents is too high and three cents
should be fixed; the witnesses might differ thus in acre
value in any method produced. We do not agree that
this is altogether a correct method, but, under the extraor-
dinary conditions here found, the court did not err
in holding "its value may be established by the opinion
of mining engineers, who must take into consideration
all matters affecting the probable selling price of the
land, including the probable quantity of marketable or
minable coal in the ground, and this is all that the ap-
pellee's engineers did in the case." This does not con-
flict with the principles laid down in Philadelphia &
Reading Coal & Iron Co. v. Northumberland Co. Com-
missioners, 229 Pa. 460; Lehigh Valley Coal Co. v. Lu-
zerne Co., supra, and State Line & Sullivan R. R. Co.'s
Taxation, 264 Pa. 489; it rather follows the latter case.
The values in West Mahanoy and Blythe Townships
were reduced from $197,000 to $71,000, and these are the
only townships in which any controversy could be raised
following what we have previously said. It is not neces-
sary to discuss, generally, the fundamental principles
underlying the case. They have been the subject of
numerous recent decisions. The evidence fully supported
the decrees with the exception of one matter to which we
shall now call attention.

The court inadvertently erred in not allowing a reduc-
tion of 25% in Blythe and West Mahanoy Townships;

this was not commented on in the paper-books but was called to our attention at bar. The court below concluded: "The value of New Castle Township is fixed at $256,775. It is not too high. It is about 75% of the market value, and the same applies to Ryan, Cass and Butler Townships. This was the determination of the Board of Revision." There was some evidence to justify the statement of proportionate value, and the court should have carried it to the other townships. It fixed $44,000 as the actual value of appellant's land in West Mahanoy Township if sold at a bona fide sale after due notice, and of Blythe Township $27,500. It should have allowed this value less 25%, the proportionate value established for other tracts throughout the county.

The decrees of the court below in appeals 287, 289, 290 and 291, January Term, 1921, from Butler, Cass, Ryan and New Castle Townships, Schuylkill County, are affirmed at the cost of appellant. The decrees as to 286 and 288, January Term, 1921, land in West Mahanoy and Blythe Townships, Schuylkill County, will be modified and the valuation fixed in each case at 25% less than amount named in the final decree of the court below; costs to be equally divided between appellant and appellee.