## Jursics' Appeal.

Submitted April 20, 1942.

524

Before Keller, P. J., Cunningham, Baldrige, Rhodes, Hirt and Kenworthey, JJ.

*James L. Kennedy,* for appellants.

*Scott Fink,* for appellee.

Opinion by Hirt, J., July 23, 1942:

This is an appeal from a triennial assessment of about 46 acres of land, with a dwelling house and barn, in Hempfield Township, Westmoreland County. It is conceded that the county assessors determined all assessments throughout the county at 50% of actual values. The property in question was assessed in 1940, with some adjustments by the board of tax revision, at $1,350. On appeal to the lower court the assessment was sustained and the appeal dismissed.

Appellants, to establish the actual value of the land, relied almost wholly on the fact that they paid but $1,500 for the property in 1938 and, accordingly, contend that the assessment should be reduced by 50% of that amount, to conform with the formula used by the assessors, to $750. Every witness for appellants based his testimony as to value on the price paid for the property and the maximum value conceded by any of them was $1,600.

The Act of May 22, 1933, P. L. 853, §402, as amended, 72 PS 5020, provides for an assessment of all property

"according to the actual value thereof, and at such rates and prices for which the same would separately bona fide sell." But the price paid for the property, under the act, though an element to be considered, is not controlling and the amount of the purchase price may be increased or decreased to accomplish equalization of assessment with other similar properties. Sale price, while always considered an important element of market value, has never been held controlling in determining values for assessment purposes. *Hickey's Appeal,* 326 Pa. 467, 192 A. 923.

The weight of the evidence is before this court *(Lehigh & Wilkes-Barre C. Co.'s Assessment,* 298 Pa. 294, 148 A. 301) and from a review of the record we are in entire accord with the conclusion of the lower court. The price paid by appellants cannot be accepted as the actual value of the land for assessment purposes, in the light of the testimony as to how the assessed value was arrived at in this case, and the use of the same method to accomplish uniformity in the assessment of all property of a like class. Appellants' property is a worn out farm, and the buildings, when they bought it, were in a bad state of repair. The assessors divided the entire acreage into four classes according to the character and quality of the land and put a price per acre on each, ranging from $8 for waste lands in ravines to $50 each for the two acres of land under cultivation. The actual value of the land so computed was $824. The buildings were depreciated 50% in value by the assessors because of their age and condition, and their actual value was found to be $1,875. The assessment was computed at one-half of total valuations so found.

Even if the actual value of the property was somewhat less than that used as a basis for the assessment—though from the weight of the evidence it was not—the assessment in this case would stand for the undisputed evi-

dence is that the same method was used to accomplish uniformity in assessing all properties in the county of the same class, and the percentage employed reduced the assessment below actual value. What the law contemplates is that every owner of land shall pay his proportionate share of the cost of county government, determined by the actual value of his land in relation to the values of all other land in the county measured by the same standards. "Between the standard of true value and the uniformity required by law, the latter requirement is to be given effect 'as the just and ultimate purpose of the law.' *Cumberland Coal Co. v. Board of Revision, Etc.,* 284 U. S. 23"; *Allentown's Appeals,* 147 Pa. Superior Ct. 385, 24 A. 2d 109. "The principle of uniformity is the guide post pointing the way for the local assessor ...... and the courts in making such orders and decrees as may seem equitable and just on appeal"; *Coal Co. v. Luzerne County,* 225 Pa. 267, 74 A. 67.

In the assessment in question, appellants have no just ground for complaint.

The decree is affirmed.