## Union Supply Company Tax Assessment Case.

Argued December 12, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, ROSS and ARNOLD, JJ. (DITHRICH, J., absent).

*Frank W. Ittel,* with him *John W. Wishart* and *Reed, Smith, Shaw & McClay,* for appellant.

*James M. Guffey,* Assistant County Solicitor, with him *Marjorie Hanson Matson,* Assistant County Solicitor, *Nathaniel K. Beck,* County Solicitor, *John J. O'Connell* and *Frank Butler,* for appellee.

*Anne X. Alpern,* City Solicitor, and *Bennett Rodgers,* Assistant City Solicitor, for City of Pittsburgh, intervening appellee.

PER CURIAM, January 17, 1947:

Union Supply Company appealed to the lower court from the assessment of its land in the City of Pittsburgh, for the years 1943 and 1944, as determined by the Board of Property Assessment, Appeals and Review of Allegheny County. The assessors on their interpretation of the Act of May 26, 1943, P. L. 627, 53 PS 8774, amending the Act of June 15, 1939, P. L. 346, had placed separate valuations for tax purposes on the land, and on the buildings and other improvements thereon. At the trial in the common pleas, no objection was made to the assessment of appellant's buildings, and the issue was confined to the market value of the land itself. The trial judge reduced the assessment of the land from an average of $45,000 per acre, as determined by the Board of Appeals, to $31,000 per acre. When the reduced as-

sessment came to be heard, on exceptions filed by the board, the court en banc ordered a new trial. It is from that order that the taxpayer has appealed.

The testimony taken at the first hearing of the appeal to the lower court had not been filed of record and the court en banc concededly was at a disadvantage because two hearings had been before two different judges, neither of whom sat in the court en banc. A new trial was ordered "largely in the interest of uniformity (Mc-Conomy Tax Assessment Case, 156 Pa. Superior Ct. 264, 40 A. 2d 99)." Evidence of the assessed valuations of other similar land offered by the county, bearing on uniformity, was excluded by the trial judge. Such evidence well might have been received not only because of the provision of §402 of the Act of May 22, 1933, P. L. 853, as amended, 72 PS 5020-402, but for the reason also that appellant itself had specifically attacked the assessment on the ground inter alia, "that it was not uniform with the assessment of other property similarly situated". It has long been recognized that "The principle of uniformity is the guide post pointing the way for the local assessor . . . and for the courts in making such orders and decrees as may seem equitable and just on appeal": *Lehigh and Wilkes-Barre Coal Co. v. Luzerne County,* 225 Pa. 267, 74 A. 67. In a lesser degree, other considerations prompted the order of a new trial. The various parcels of land had been recently bought by appellant at prices above the value found by the trial judge. These sales prices were not controlling, but should have been considered, though the weight of this testimony may have been affected by the relationship between the buyer and the sellers.

An award of a new trial is an inherent power of a court of common pleas and will not be reversed unless there is a clear error of law or palpable abuse of discretion. *Frank, Admr., v. Bayuk,* 322 Pa. 282, 185 A.

705; *Hoban v. Conroy,* 347 Pa. 487, 32 A. 2d 769. In general, a court en banc has the unrestricted right to consider the evidence in all its aspects and "to review the findings of the trial judge, though they [the other members of the court] may not have participated in them, . . .": *Miller's Estate,* 279 Pa. 30, 37, 123 A. 646, quoting from *Thompson's App.,* 271 Pa. 225, 229, 114 A. 774. In the *Thompson* case—a tax assessment appeal—it was held, on exceptions, that a court en banc has the power to review the evidence and the findings and to fix different assessments and percentages. Since in this class of cases the court en banc is not bound by the findings of the trial judge, though supported by testimony, it may grant a new trial, for error of law, or in the exercise of discretion on its review of the testimony. Cf. *Y. M. C. A. of Germantown v. Phila.,* 323 Pa. 401, 408, 187 A. 204. The court en banc, in the present case, acted within its authority and cannot be charged with an abuse of discretion in awarding a new trial.

Order affirmed.