## Elizabeth Steel Magee Hospital Tax Assessment Case.

Argued March 25, 1937. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

246

*Richard W. Ahlers,* with him *Lee C. Beatty,* for appellants.

*Anne X. Alpern,* First Assistant City Solicitor, *John J. Kennedy,* City Solicitor, and *Loran L. Lewis,* Assistant City Solicitor, for appellee, were not heard.

PER CURIAM, April 19, 1937:

This is an appeal from a real estate assessment in the City of Pittsburgh. The property is an eight story office building. The Board of Revision fixed the assessment at $410,250. On appeal to the Common Pleas, after hearing, the court reduced the figure to $345,250, a reduction of $65,000. From this reduced figure the property owner appeals to us, the principal ground of complaint being that the valuation as finally made was not the price the property would bring at public sale after due notice.

Our review of the record and of the two opinions of the court convinces us that the court took into account all elements presented to it in coming to a conclusion. "In an appeal from an assessment for taxes, the findings of fact of the court below have great force, and these findings will not be set aside unless clear error is made to appear": *Westbury Apartments, Inc., Appeal,* 314 Pa. 130, 131, 170 A. 267; *American Academy of Music Appeal,* 321 Pa. 433, 184 A. 657; *Phila. & Reading Coal & Iron Co. v. Commissioners of Northumberland County,* 323 Pa. 185, 186 A. 105.

The court divided the costs between the parties. Complaint is made of this. The Act of April 19, 1889, P. L. 37, No. 34, Sec. 1, 72 P. S. Sec. 5241, regulating appeals to the Court of Common Pleas from tax assessments provides: ". . . the costs of appeal and hearing to be apportioned or paid as the court may direct." The disposition of costs was in the court's discretion and we cannot see that it was abused.

Order affirmed at appellant's cost.