## Park's Appeal.

Argued March 23, 1939. Before SCHAFFER, MAXEY, DREW, LINN and STERN, JJ.

*Alexander H. Hunter,* of *Hunter & Buffington,* for appellant.

*John Joseph O'Connell,* Assistant County Solicitor, with him *Walter P. Smart,* County Solicitor, for appellee.

OPINION BY MR. JUSTICE SCHAFFER, April 17, 1939:

This is an appeal by the owner from the order of the Court of Common Pleas reducing the assessment on the Park Building, located in the heart of the business district of Pittsburgh at the intersection of Fifth Avenue and Smithfield Street. Appellant contends he is entitled to a further reduction. The county Board for the Assessment and Revision of Taxes had assessed the land at $1,485,060 and the building at $669,000. The court, after full hearing and painstaking review of the testimony, reduced the assessment on the building to $500,000, leaving the assessment on the land untouched. The assessment on the building was reduced for the reason that it is rapidly becoming obsolete; rents had been lowered and many of the former tenants had moved to other buildings. The court refused to reduce the assessment on the land, primarily because the appellant's evidence as to land value was not sufficient to overcome the prima facie case made out by the county. The property owner alleges that the fair market value of the land is $1,250,000 and of the building $350,000.

Appellant's argument resolves itself into four main propositions: First, it is contended that the court below in refusing to reduce the assessment on the land ignored evidence to the effect that land values in the vicinity had declined. The evidence, however, establishes that the county board in fixing the assessment had taken this factor into consideration. In 1934, tax assessments in the locality had been substantially reduced in recognition of declining values. The assessment on the land in question had been reduced $201,340. The opinion filed by the court below shows a full recognition of this factor.

The real question before the court was whether the assessment as fixed by the county represented the true market value. Witnesses called by the county testified that it did. They valued the land from $2,070,000 to $2,088,000. The court's finding as to value, supported as it is by evidence, must be affirmed on appeal: *Phila. & Reading Coal & Iron Co. v. Northumberland Co. Commissioners*, 323 Pa. 185, 186 A. 105; *E. S. Magee Hosp. Tax Assessment Case*, 326 Pa. 245, 191 A. 587. Appellant lays special stress upon the fact that rental values had declined. While this is a factor to be taken into consideration, it is not the exclusive test in fixing value. As was said in *Algon Realty Co. Tax Assessment Appeal*, 329 Pa. 321, 323, 198 A. 49, "While rental value may be taken into account, it never can constitute the exclusive standard for fixing the market value of property . . . the appraised value of the property is to be fixed by the opinion of competent witnesses as to what the property is worth in the market at a fair sale." A reading of the testimony shows that the experts considered declining rentals along with other factors in establishing market value.

Second, it is contended that the assessment made by the court was grossly excessive. This argument is without foundation. Witnesses called on behalf of the county fully support the assessment. *Great Northern Ry. Co. v. Weeks*, 297 U. S. 135, cited by appellant, is of no application. There it was found that the assessment was grossly excessive and made in disregard of "known conditions essential to the just ascertainment of value." Nothing of that kind appears here.

Appellant's third contention is that the prima facie case made out by the county was rebutted by evidence offered by him. So far as the value of the building is concerned, this to a certain extent is true and caused the court to reduce the assessment on it. The final value fixed by the court below, however, is supported by the testimony given by witnesses for the county. We cannot

say, as is argued by appellant, that the testimony of the three experts called by the county, all of whom were experienced real estate men in the City of Pittsburgh, should have been ignored by the court below as worthless. No special significance can be given to the testimony of the appellant's witness Rockwell. His appraisement was made in connection with a mortgage loan. The standards for an appraisement in this connection are totally different from those used for the purpose of a tax assessment.

The appellant's final contention is that his property was not assessed upon a basis of equality with other assessments of the same class within the same tax district. This argument is based upon a summary and analysis of rental values. In Allegheny County, assessments are made upon a 100% of fair market value. The only question for our determination is whether the assessment as fixed represents the fair market value of the property. We are not convinced to the contrary.

Order affirmed at appellant's cost.