## Hunter's Appeal et al.

Argued March 25, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Alexander H. Hunter*, of *Hunter & Buffington*, for appellants.

*Anne X. Alpern*, First Asst. City Solicitor, with her *Wm. Alvah Stewart*, City Solicitor, and *John M. Marshall*, Asst. City Solicitor, for appellee No. 9.

*Walter P. Smart*, County Solicitor, and *Harry V. Bair*, Asst. County Solicitor, for appellee No. 8.

PER CURIAM, April 13, 1942:

This is an appeal from the assessment of a property for tax purposes in the City of Pittsburgh. The evidence shows that it occupies one of the most valuable corners in the down town business section. We were called upon to consider the assessment of this property for the previous triennium in *Hunter's Appeal*, 334 Pa. 196, 5 A. 2d 563, and sustained an assessment of $544,540.00. The present assessment for city purposes is $536,540.00 and for county purposes $537,290.00. The difference in the two amounts, $750.00, grows out of a difference in the valuation of the building, in the one instance, it is fixed at $27,000.00 and in the other $27,750.00. The

figure for the land is the same as it was in the previous case, $509,540.00.

Complaint is made that the court fixed different figures for the value of the property, although it heard the two appeals together, one from the county assessment and the other from the city assessment. We think it somewhat anomalous that the court should determine different values in the same proceeding for the same property. We shall send the case back, so that the valuations may be equalized.

The other complaint is that the expert testimony introduced by the taxpayer is that of well qualified real estate men active in the vicinity of the assessed property, while that introduced by the taxing authorities is of real estate men not active in that neighborhood, who it is alleged gathered their information from hearsay. It is contended that the evidence of the real estate men active in the vicinity of the property should be decisive with the court in fixing the fair market value. We have carefully read the testimony and are not convinced that the evidence produced on behalf of the city and county was not that of men qualified to speak on the question of values. It certainly could not be determined that real estate experts, otherwise qualified, should be disqualified by reason of the fact that they had not made actual sales in a particular neighborhood in the city. The weight of the evidence was for the judges of the court below, one of whom heard it in the first instance and three of whom considered it when the court sat in banc. We are not prepared to say that their conclusion was an improper one.

The record is returned to the court below with directions to equalize the assessments. Costs to be paid by appellants.