Matsons Appeal.

Argued April 16, 1943. Before KELLER, P. J., BALD-
RIGE, STADTFELD, RHODES, HIRT; KENWORTHEY and
RENO, JJ.

*H. E. McCamey*, of *Dickey, Robinson & McCamey*, for
appellants.

*H. M. Montgomery*, with him *Walter P. Smart*,
County Solicitor and *Harry V. Bair*, Assistant County
Solicitor, for appellees.

OPINION BY HIRT, J., July 16, 1943:

These appeals are from the 1940 City and County
triennial assessments of land owned by appellants in
the City of Pittsburgh, having a frontage of 60 feet on
Duquesne Way and a uniform depth of 220 feet. The
County, after revision, assessed the land at $54,250 and
the City at $43,300, for the triennium. The lower court

.on appeal reduced each of the assessments to $38,000 with an addition of $100—as to which there is no dispute—for a small structure used as a parking lot office. Appellants bought the land on November 16, 1939 for $20,000 and it is their contention that the sale price determines the full value of the land for assessment purposes. The appeals before us are not de novo but in disposing of them we are not limited to an inspection of the record as on certiorari. We are bound to review the judicial action of the court below on the evidence disclosed by the record, (*Rockhill I. & C. Co. v. Fulton County*, 204 Pa. 44, 53 A. 530) and the weight of the evidence is before this court. *Lehigh & Wilkes-Barre C. Co.'s Assessment*, 298 Pa. 294, 148 A. 301.

"Actual value thereof and at such rates and prices for which the same would separately bona fide sell" is the standard of assessment for county purposes. Act of May 16, 1939, P. L. 143, 72 PS 5020-402. "True cash value" is the measure of city assessments. Act of July 9, 1897, P. L. 219, §3, 53 PS 9992. "True cash value" is "actual value" and both are identical with fair market value. *Suermann v. Hadley*, 327 Pa. 190, 193 A. 645; *Park's Appeal*, 334 Pa. 193, 5 A. 2d 561. The *Suermann* case also reaffirms the principle that sale price, while always considered an important element of market value, has never been held controlling in determining values for assessment purposes (see also *Hickey's Appeal*, 326 Pa. 467, 192 A. 923; *Allentown's Appeals*, 147 Pa. Superior Ct. 385, 24 A. 2d 109) and the above 1939 amendment, relating to county assessments, specifically provides that the price at which any property has been sold shall not be controlling.

Under the circumstances, however, the fact that the property sold for but $20,000 is a significant fact bearing upon actual value. The land is located near "the point" and the confluence of the Allegheny and the Monongahela rivers. In 1936 the building then on the

land (since razed) was flooded to a height of from nine to sixteen feet. From fear of a recurrence of flood water there have been few sales in the district since 1936 and none which support the court's valuation. For the same reason buildings in the neighborhood have a limited use reflecting low rental values. The trend in the district is in the direction of demolishing existing buildings; there has been no new construction. The land in question had been on the market, in the hands of an active firm of real estate brokers, since 1936, and appellants were the only prospective purchasers during the period. The owner was a willing seller but was not obliged to sell.

In January 1940 appellant bought an adjoining piece of land fronting about 44 feet on Duquesne Way for $15,000. This lot has an advantage over the land in question, adding to its useful value, in that there is an alley affording direct access to the rear of the lot. The two pieces of land together are used as a parking lot. The land in question is leased for that purpose at an annual gross rental of $4,200.

The court properly equalized the assessments for city and county purposes and found the same valuation for both (*Hunter's Appeal*, 344 Pa. 280, 25 A. 2d 709) but there is clear error (*Westbury Apartments, Inc. Appeal*, 314 Pa. 130, 170 A. 267) in the basis adopted for its ultimate finding of value. The assessment of the land in question was based solely upon the then return in rental income. While the rental value of land may be considered in determining its market value, such value never can constitute the exclusive standard for fixing the market value. *Park's Appeal*, supra. Rental value is only one element to be considered and is not persuasive in this case, for the lease was for one year only. Conceding that a parking lot for automobiles was the only profitable use to which the land could be put, a favorable lease for a short term is not significant. There

is always the prospect of increasing competition, and the demand for parking space at any one location is not unchanging. The present rationing of gasoline for example, undoubtedly affects the demand to some extent. Short term leases, of necessity, may have to be renewed at much lower rentals.

In any view the assessment in question must be reduced to accomplish uniformity. The adjoining piece was finally assessed at $1.85 per square foot. Neither the owners nor the city or the county have appealed from that assessment. The inference is compelling that they all consider that as the actual value of the land. The land in question was assessed at $2.87 per square foot though it is identical in character except that there is no alley in the rear giving it a second outlet. It should not be assessed at a rate higher than the adjoining piece which has that advantage. The same standard must be used in measuring actual values of contiguous pieces of land of like character; both assessments cannot stand. The assessment in question should be computed at $1.85 per square foot to conform with the assessment of the adjoining land, as to which there is no dispute. "The principle of uniformity is the guide post pointing the way for the local assessor ...... and for the courts in making such orders and decrees as may seem equitable and just on appeal": *Lehigh & Wilkes-Barre Coal Co. v. Luzerne County*, 225 Pa. 267, 74 A. 67. Between the standard of true value and the uniformity required by law the latter requirement is to be given effect "as the just and ultimate purpose of the law": *Cumberland Coal Co. v. Board of Revision, Etc.*, 284 U. S. 23, 52 S. Ct. 48, 76 L. Ed. 146.

Accordingly, the order is modified by reducing the assessment in each appeal to $24,520.