## Park Tax Assessment Case.

Argued October 3, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON and STEARNE, JJ.

422

Bennett Rodgers, Assistant City Solicitor, with him Anne X. Alpern, City Solicitor, for City of Pittsburgh.

Frank Butler, Assistant County Solicitor, with him John J. O'Connell, County Solicitor, for Allegheny County.

Alexander H. Hunter, with him Hunter & Buffington, for Lewis A. Park, property owner.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, October 31, 1944:

The three appeals are from an order of the Common Pleas Court of Allegheny County reducing the assessment for the purpose of taxation on an office building, named the Park Building, located at the northwest corner of Fifth Avenue and Smithfield Street, in Pittsburgh. The owner appeals because of insufficient reduction. The County of Allegheny and the City of Pittsburgh each appeal because of the reduction.

There is but a single question involved: does the evidence support the findings of the court below?

In an appeal from an assessment for taxation, the findings of fact of the court below have great force, and these findings will not be set aside unless clear error is made to appear: Metropolitan Edison Co's Appeal, 307 Pa. 401, 161 A. 303; American Academy of Music Appeal, 321 Pa. 433, 184 A. 657; Westbury Apartments, Inc., Appeal, 314 Pa. 130, 170 A. 267.

In Allegheny County, assessments are made upon the fair market value: *Park's Appeal*, 334 Pa. 193, 196, 5 A. 2d 561. In seeking to ascertain such market value no consideration may be given to future or speculative value: *Chatfield et al. v. Board of Revision of Taxes*, 346 Pa. 159, 29 A. 2d 685; little attention to "scientific formulas, arithmetical deductions and mental contemplations": *Kemble's Estate*, 280 Pa. 441, 445, 124 A. 694; or to impractical considerations: *Glen Alden Coal Company v. Commissioners*, 345 Pa. 159, 27 A. 2d 239. See also *Vollmer et al. v. Philadelphia*, 350 Pa. 223, 38 A. 2d 266. The cases referred to above show that the function of an appellate court is to review the evidence to ascertain whether the findings of fact are supported by sufficient evidence.

The Board of Property Assessment, Appeals and Review assessed the premises at $1,910,700—the land at $1,421,000 and structure at $489,700. After a hearing the court reduced the assessment by $110,700. The assessment was fixed at $1,800,000—land at $1,350,000 and building $450,000. The two preceding triennial assessments have been litigated. For 1937-39 the assessment was fixed at $1,985,060: *Park's Appeal*, supra. For 1940-42 (not appealed to this Court) it was $1,921,060.

This is the ordinary case of fixing an assessment for the purpose of taxation. Qualified experts testified for both sides and gave the reasons for their opinion as to value. The testimony was reviewed and weighed by the hearing judge who, in a carefully considered adjudication, made his findings of fact. There is no basis for the owner's contention that the learned hearing judge substituted his *individual* ideas as to market value in disregard of the testimony. His findings were reached after carefully reviewing and weighing all the evidence. We are not impressed by the argument of the owner that his witnesses were so superior in quality and experience that they overwhelmed the single expert of the county and city and presented a preponderance of evidence,

424

which greatly outweighed that of the county and city. It appears that sales, holding prices, rental value, return and many other factors were testified to by the various witnesses. All this evidence was apparently considered by the learned court in arriving at a fair market value for the purpose of fixing the assessment. We find no ground for setting aside the assessment.

The appeals are dismissed and the order is affirmed at the cost of the appellants.