## Lehigh & Wilkes-Barre Coal Co.'s Case.

## Glen Alden Coal Co.'s Case.

Argued April 15, 1930. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Maurice Bower Saul,* with him *Wesley K. Woodbury, Evan C. Jones, J. H. Oliver* and *Gilbert S. McClintock,* for Lehigh & Wilkes-Barre Coal Co., appellant.—This court directed the court below (1) to give more weight to the evidence of appellant and (2) to take into consideration economic factors which had a depressing influence on market value; these directions have not been carried out.

This court directed the lower court to consider and give due weight to the Halbach sale; the lower court has considered the sale and rejected it as evidence of market value.

Under all of the testimony and particularly in view of the two large sales which were on a basis of half the assessments, it is clear that appellant's coal lands are still grossly overvalued and the assessment should be reduced to less than fifty per centum thereof.

*J. H. Oliver,* with him *Saul, Ewing, Remick & Saul, Gilbert S. McClintock, Evan C. Jones* and *Wesley K. Woodbury,* for Glen Alden Coal Co., appellant.—The sale and purchase of the Halbach property was a bona fide sale from an owner not compelled to sell to a buyer not compelled to buy.

The Halbach sale, which on its face, clearly shows the assessment to be over twice as great as the market value of the property, substantiates our position that coal in Luzerne County is assessed for at least twice as much as it is worth.

*John H. Dando,* with him *Abram Salsburg, John J. Hibbard, Michael A. Donohue* and *Richard B. Sheridan,* for appellee.—The court below saw and heard the witnesses, and gave careful consideration to all evidence from which value could be deduced, and having found and concluded, as a fact, that the assessment as fixed is the fair market value of the coal assessed, we submit that this court will not interfere with that finding: Lehigh Val. Coal Co. v. Luzerne Co., 255 Pa. 17; Penna. Coal Co.'s Assessment, 257 Pa. 320.

OPINION BY MR. JUSTICE KEPHART, May 27, 1930:

When the original opinion in this case was handed down (298 Pa. 294), the writer was then strongly of the opinion that an order should be made fixing the value of these properties on the record as it then stood. The majority of the court determined that in tax appeals and other like cases the legislature had impressed on the court of first instance the duty of fixing values; and

that on an appeal to this court from the value thus fixed we should determine only whether error had been committed in the method used to ascertain the values fixed. While these appeals contemplate a consideration of the evidence and its weight, nevertheless the legislature makes the court below the tribunal to fix values under the law, as determined by this court. We had occasion to say in West Mayfield School District's Appeal, 300 Pa. 422, "In our system of jurisprudence at common law, common pleas courts are vested with sole and exclusive responsibility for the determination of certain litigation, and the legislature, in creating new duties which call for supervision or correction of administrative activities of government by the courts, may, in its wisdom, place on designated courts the exclusive function of deciding the disputed questions relating to such activities as may be brought before it; in this class of cases that function must be performed by such courts; they cannot shift their obligation or duty to appellate tribunals nor may we take it from them."

The valuations in the first appeals were set aside, and the proceedings returned to the court below for further action in accordance with the views expressed in that opinion and in line with its statutory duty. The lower court failed to follow the instruction given by this court, by not fixing the value consonant with the evidence then and thereafter produced. The present appeals followed, and because of the grave difficulties in the fiscal affairs of the various municipalities affected, which further prolongation of this litigation would entail, we have concluded to correct the errors of the court below and fix the values ourselves. Our action in this respect is not to be taken as a precedent.

We will not discuss the voluminous record brought before us on these appeals. We are convinced, however, from the testimony of Senator Sutherland, that, all matters considered, the sale of the Halbach tract was a fair

sale, and could properly be used as a standard. The following order is accordingly made:

## Glen Alden Coal Company's Appeal.

Lower Newport is a field of reserve coal, owned in fee, without mining operation. The assessable value, based on the county ratio, should be $2,985 an acre. This is found from the evidence of mineable and recoverable coal, either on a foot-acre or tonnage basis, both of which were used, and considered as reserve or remote coal. The total assessment figure on the ratio fixed by the county for these lands is $2,445,103.

In Upper Newport we find there are 308.25 acres of surface-controlled coal. It has a value for assessment purposes, in harmony with the county ratio, of $550,071. There are 48.97 acres surface not controlled; its value on the same basis is $173,014, or a total of $723,085, which, added to the value of Lower Newport, $2,445,103, makes a total assessment of $3,168,188.

## Lehigh and Wilkes-Barre Coal Company's Appeal.

This is an assessment of some 2,000 acres of coal land originally fixed for assessment purposes at $19,585,609; the market value being placed at $32,514,348. The following values for assessment purposes on the ratio fixed by the county are found: Surface controlled, 217.16 acres, $1,201,860. Surface not controlled, 897.93 acres, $4,877.027. Under saturated wash, 934.60 acres, $6,-752,577. River warrants, 20.27 acres, $76,270. Total, $12,902,534. As the foot-acre was used in the assessment by the county, we find, based on the same county ratio, the following foot-acre values, if they will be of any assistance: Surface controlled,—solid $180 per foot-acre, pillar $90 per foot-acre; surface not controlled,—solid $150 per foot-acre, pillar $80 per foot-acre; under saturated wash,—solid $140 per foot-acre and pillar $30 per foot-acre,

The decrees in No. 202, January Term, 1930, and in No. 205, January Term, 1930, are modified, the record to be returned to the court below that an order may be made carrying into effect the modification as directed in this opinion. Costs in each appeal to be paid by the appellee.