## Edmonds's Appeal.

Argued January 17, 1934. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Franklin S. Edmonds,* of *Edmonds, Obermayer & Rebmann,* with him *David F. Maxwell,* for appellant.

*Theodore F. Jenkins,* Solicitor for School District, with him *Mayne R. Longstreth,* Assistant City Solicitor, and *David J. Smyth,* City Solicitor, for appellee.

OPINION BY MR. JUSTICE KEPHART, March 19, 1934:

This is an appeal from a valuation fixed by the court below on an entire block between 25th, 26th, Reed and Dickinson Streets, in the City of Philadelphia. The assessment fixed by the board of revision at $1,080,000, on appeal was reduced by the court below to $1,005,000. Taxpayer appeals to this court.

On an appeal from the board of revision to the court of common pleas, from an assessment for taxes, the proceeding is de novo. A prima facie case is made out by placing the assessment in evidence. To rebut this prima facie case, testimony was taken on behalf of the taxpayer, followed by evidence on behalf of the city to sustain the assessment. From this evidence the court below proceeded to "fix an assessment based upon what we [the court below] find to be the market value of the property at the given time."

In reaching this value, that court considered everything that had a tendency to affect market value. There were no actual sales of similar property, and the court recognized that the land might have had a market value for a given use and purpose differing from other uses and purposes. This follows the general rule with respect to valuation of property in many situations where value is in question.

There was erected on the premises a building for factory purposes, which could no longer be employed in such use. To prevent waste or destruction because of non-use, it was necessary to change the structure to fit it for other uses; this could be accomplished only by the expenditure of a large sum of money and by reducing its former usable area. Such factors should enter into a determination of its fair market value for assessment purposes, and the court below considered these factors as elements. It also considered the previous sale of this property, which has a substantial bearing in assessment values as illustrated by Kaemmerling's App., 282 Pa. 78, but the force of the case is partially lost when applied to the present situation, since, as stated by Judge MAC-NEILLE, this was not a sale similar to that in Kaemmerling's Appeal. The legislature has confided to the court of common pleas the duties of fact finder where there has been an appeal from an assessment for taxes. The proceeding in this court on appeal therefrom is not de novo. See Appeal of Westbury Apartments, Inc., 314 Pa. 130.

The court below having determined the fair market value wherein all factors were considered, and there being no abuse of power or any mistaken inferences of law, it is our duty to affirm the conclusion reached.

Decree affirmed at cost of appellant.