## American Academy of Music Appeal.

Argued April 2, 1936. Before KEPHART, C. J., SCHAF-FER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

434

*James J. Dougherty,* with him *John R. Scholl,* for appellant.

*John J. Elcock,* Assistant City Solicitor, with him *Joseph Sharfsin,* City Solicitor, for appellee.

PER CURIAM, April 30, 1936:

This appeal is by a taxpayer from a confirmation of an assessment made by the board of revision of a building, known as the Academy of Music. Such appeal from the board of revision to the common pleas is de novo, but "the record of assessment, made by proper officers, approved by the board of revision, is prima facie evidence on appeal to the court below of the value of the property; it will be conclusive unless the evidence to rebut it establishes to the satisfaction of that court a different value": *Westbury Apartments, Inc., App.,* 314 Pa. 130. "The legislature has confided to the court of common pleas the duties of fact finder where there has been an appeal from an assessment for taxes. The proceeding in this court on appeal therefrom is not de novo": *Edmonds's App.,* 314 Pa. 382, 384.

It is true that such factors as a bona fide offer to sell the property, the value of which is in dispute, and a general recession in the value of realty in its particular location, must be taken into consideration by the lower court in determining the fair market value of the property for the purposes of assessment. But it does not follow that these are the sole factors, as the appellant contends, nor controlling upon the court in its determination of the fair market value. These factors are to be considered in connection with and as a part of all the other evidence. The fact that the combined average value of all the properties in a particular locality has receded does not compel the conclusion that all the values of the individual properties within the limited area have declined proportionately. The exact locations, the possible

uses, and numerous other factors all go to explain the reason for this.

An examination of the entire record convinces us that the court below gave due and just weight to the bona fide offer of sale and the general recession of realty values in conjunction with all other material factors in arriving at the fair market value of the property in question. "In an appeal from an assessment for taxes, the findings of fact of the court below have great force, and these findings will not be set aside unless clear error is made to appear": *Westbury Apartments, Inc.*, supra. We find no reason in the record to disturb the conclusion reached by the court below, and in the absence of an abuse of power, or a mistaken inference of law, all essential elements having been duly considered by it, it is our duty to affirm the value which it placed upon the property.

Decree affirmed.