## Hickey's Appeal.

Argued May 19, 1937. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN and STERN, JJ.

468

*Howard E. Stern,* Assistant City Solicitor, with him *Joseph Sharfsin,* City Solicitor, and *Robert von Moschzisker,* School District Solicitor, for appellant.

*Milton A. Kamsler,* with him *Allen J. Levin* and *Sundheim, Folz & Sundheim,* for appellee.

OPINION BY MR. CHIEF JUSTICE KEPHART, June 25, 1937:

The assessment of the premises here involved was fixed by the board of revision of taxes at $42,900. On appeal to the common pleas the assessment was sustained. The Superior Court reversed the court below and remitted the record.

The sole question involved in this appeal is whether or not the price obtained for a property at public sale under order of the orphans' court in partition proceedings is conclusive of its value for the purposes of assessment. The common pleas held it was merely evidence of

value. The Superior Court, however, took the position it was conclusive, and since it was the duty of the orphans' court to see that a fair value was obtained the confirmation of the sale established the price as the actual value.

In *Lehigh & Wilkes-Barre Coal Co.'s Assessment,* 298 Pa. 294, this court said at page 300: "Ordinarily, by 'fair market value' is meant the price which a purchaser, willing but not obliged to buy, would pay an owner, willing but not obliged to sell, taking into consideration all the uses to which the property is adapted and might in reason be applied." The various elements of "market value" have been set forth in a number of cases. See *Edmonds's Appeal,* 314 Pa. 382; *Westbury Apartments, Inc., Appeal,* 314 Pa. 130; *American Academy of Music Appeal,* 321 Pa. 433. A previous sale of a property has a substantial bearing upon the question of market value: see *Edmonds's Appeal,* supra. In *Kaemmerling's Appeal,* 282 Pa. 78, we held that the price obtained at a bona fide public sale, widely advertised and well attended, is sufficient to rebut the prima facie case established by the introduction of the assessment record, and if no additional proof is offered by the assessing authorities it should be conclusive. See also *Sailer's Appeal,* 120 Pa. Superior Ct. 69.

Here the sale was in partition proceedings to effect the distribution of an estate; it does not follow that its confirmation was an adjudication of actual value. In the *Kaemmerling case* and the *Sailer case,* the sales were public auctions, advertised by pamphlet, newspaper and circular, at which the property was sold voluntarily by the owner. No evidence was presented in either of these cases that the sales were in the slightest degree compulsory or forced. The present sale was for cash, whereas in those two cases only a portion of the purchase price was required to be paid as hand money. These matters have some bearing on the question.

The sale in the present case was entitled to great weight as an important item of evidence, but the taxing authorities were not precluded in the court below from producing other testimony to show the real value. This was done, and the experts for the city and school district fixed a different value from the confirmed sale price. The common pleas court within its power arrived at what it considered the market or assessable value. Under the statute, on appeal, it is made the fact finding body, and its conclusions should not be reversed unless error appears on the face of the record: *American Academy of Music Appeal; Edmonds's Appeal; Westbury Apartments, Inc., Appeal;* all supra.

The order of the Superior Court is reversed, and the decree of the Court of Common Pleas No. 3 of Philadelphia County is affirmed.