## Narberth Borough's Appeal.

## Narberth School District's Appeal.

582

Argued May 13, 1940. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, BARNES and PATTERSON, JJ.

*Henry A. Frye* and *Roland Fleer*, for appellants.

*Gilbert High*, with him *Samuel H. High*, of *High, Dettra & Swartz*, for appellee.

PER CURIAM, June 24, 1940:

The Borough and School District of Narberth appeal from the action of the court below in reducing the assessed valuation for tax purposes of real estate owned by Narberth Apartments, Inc. and located within the Borough of Narberth, Montgomery County. The property in question, consisting of a recently constructed group of four buildings (three of which contain 114 apartments and the fourth of which is a 120-car garage), was assessed by the local assessor in the amount of $250,000. This assessment was sustained by the County Board for the Assessment and Revision of Taxes, but, on appeal to the court below, the assessment was re-

duced to the amount of $220,000. The County of Montgomery, the only other interested party, took no exception to the action of the court below.

On appeals, like the present one, under the provisions of section 519 of the General County Assessment Law of May 22, 1933, P. L. 853, the weight of the evidence is before this Court and it is our duty to pass upon the findings of fact of the court below, as well as upon its conclusions of law. But, in such cases, the findings of fact of the court below have great force, and will not be disturbed except for clear error in the court's ultimate determination: *Phila. & Reading Coal & Iron Co. v. Comm'rs of Northumberland County*, 323 Pa. 185, 187-188; *Hudson Coal Company's Appeal*, 327 Pa. 247, 250-51.

We have examined the record with great care and all agree that there is nothing therein which would warrant the conclusion that there was such error here. On the contrary, we are convinced that the learned court below duly considered everything before it properly having a tendency to affect the assessable value of the property in question. This being true, and there being no mistaken inferences of law, we are duty bound to affirm the conclusion reached: *Edmond's Appeal*, 314 Pa. 382.

Decree affirmed at appellants' cost.