## Beechwood Apartments Assessment

*Roland Fleer* and *Henry A. Frye*, for Borough of Narberth and School District of the Borough of Narberth, appellants.

*Russell J. Brownback* and *Roger B. Reynolds*, for property owner.

*E. Arnold Forrest*, for board of assessment and revision of taxes.

CORSON, J., July 9, 1941.—The Beechwood Apartments, the record title to which stands in the name of Leo Hagerty, are located in the Borough of Narberth, this county. This apartment building was in process of building during the year 1939, the year of the triennial assessment.

Under The General County Assessment Law of May 22, 1933, P. L. 853, sec. 401 (*c*), 72 PS §5020-401, the

Board of Assessment and Revision of Taxes of Montgomery County, a third class county, issued to Louise Cockrill, its subordinate assessor in the said Borough of Narberth, its precept to make the triennial assessment for 1940, 1941, and 1942 in the Borough of Narberth and to make return on or before December 1, 1939. The assessor did make such assessment and made her return to the board on November 28, 1939, assessing the Beechwood Apartments, as an unfinished building, at $20,000. The assessment, therefore, must obviously have been made before the date of her return. Admittedly, on that date the apartment building was unfinished. January 3, 1940, was set by the board as the day to hear appeals from assessments of Narberth properties. In accordance with the act of assembly, notice of the day fixed was duly advertised three weeks before that date. Leo Hagerty, the record owner of the apartments, was notified of the assessment and of the appeal day. The present appellants, the Borough of Narberth and the School District of Narberth, were also notified by letter that January 3, 1940, was the appeal day on Narberth properties. Neither Hagerty, the borough, nor the school district appeared on the day fixed and, therefore, we assume that the assessment was confirmed by the board.

On March 18, 1940, tax duplicates were delivered to the tax collector of the Borough of Narberth showing the assessment of the apartments in question. Two days later the present appellants petitioned the board for a hearing upon an appeal from the assessment of the apartments. Later Hagerty received his tax bill upon the $20,000 assessment and on September 26, 1940, Hagerty tendered payment of the tax bill which was refused by the tax collector because of the appeal pending before the board,[1] on September 27, 1940.

---

[1] Payment was refused because the owner demanded a receipt showing payment of 1940 taxes in full.

A hearing was had before the board and on December 6, 1940, the board sustained the assessment.

On January 6, 1941, this appeal was taken to this court. At the hearing before the court appellants produced testimony tending to show the value of the property as of January 1, 1940, and at other times during the year of 1940. No testimony was produced to show the value as of the date when the assessment was made or to show what the value of the property was at the time the assessor made her return on November 28, 1939. Counsel for Hagerty have filed a most able brief and cited substantial authority supporting the contention that, since appellants did not appear before the board on the date fixed for the appeal, appellants, therefore, lost their right to later appeal to the court: Pittsburgh School District et al. v. E. S. S. Land Co., 140 Pa. Superior Ct. 590, 595 (1940). Our system of taxation being purely statutory (Central Pennsylvania Lumber Company's Appeal, 232 Pa. 191, 193 (1911)), the statutes must be strictly followed: Susquehanna Collieries Company's Appeal, 335 Pa. 337, 343 (1939). Counsel for Hagerty also contend that, no appeal having been taken from the final decision on the assessment by the board within 30 days, this court is without jurisdiction to hear the present appeal.[2] However, we feel that it is not necessary to decide this question upon the technical questions raised because of the fact that upon the merits we feel that the appeal must be dismissed. The assessment of $20,000 is prima facie evidence on appeal of the value of the property and such assessment must be held to be conclusive evidence " 'unless the evidence to rebut it establishes to the satisfaction of that court a different value' ": Westbury Apartments, Inc., Appeal, 314 Pa. 130 (1934), as quoted in American Academy of Music Appeal, 321 Pa. 433 (1936), at page 434. No testimony was submitted by appellants to show that the assessment was

---

[2] January 5, 1941, was a Sunday.

an improper one at the time the assessment was made. We are unable to accept appellants' contention that assessments must be made as of January 1st of the succeeding year. The value of the property for assessment purposes is its value at the time of the assessment. See Philadelphia & Reading Coal & Iron Co. v. Northumberland County Commissioners, 229 Pa. 460 (1911), where the court said (p. 470):

"Fifth, that each tract should be assessed at its market value ascertained, not at any future period, but at the time of the assessment. There is no room for doubt as to this being the law." See also Hudson Coal Company's Appeal, 327 Pa. 247 (1937), at page 256.

Assuming, then, that the assessment was made on the very latest date that it could have been made, that is November 28, 1939, the day the return was made by the subordinate assessor, there is absolutely no evidence of the market value in the record as of that day. The board's assessment of $20,000 we feel, therefore, becomes conclusive: see American Academy of Music Appeal, supra. We have the situation here where appellants seeking to establish the market value as of January 1, 1940, have a member of the board giving his opinion of the value of the property as completed, when he saw it around February 1, 1940. This same member of the board, testifying for appellants, however, testified that the board had taken into consideration the fact that the apartments were incomplete at the time the assessment was made.

For the reasons given we feel that the following decree must be, and is, entered:

And now, July 9, 1941, it is ordered, adjudged, and decreed that the appeal of the Borough of Narberth and the School District of Narberth be, and hereby is, dismissed, and the assessment affirmed.

*Opinion sur exceptions*

CORSON, J., October 6, 1941.—The present exception is taken to the order of the trial judge hearing the above

appeal, affirming the action of the board of assessment and revision of taxes.

The facts are set forth in the opinion of the trial judge and it is sufficient to say that appellants' main contention would seem to be that the property should have been assessed as of January 1, 1940, rather than as of the time when the subordinate assessor made the assessment. Counsel for appellants, in his able argument, is able to point out hypothetical cases in which injustice might possibly result to the municipalities and to the property owner. It is equally easy to conceive hypothetical cases where injustice will result in the event that the rule suggested by appellants should be adopted. We feel that this court is bound by the appellate court decisions holding that the valuation must be placed upon the property as of the date of the assessment. This being the law, we feel that the exception is without merit and the action of the trial judge must be affirmed.

And now, October 6, 1941, appellants' exception to the decree of the trial judge, dated July 9, 1941, is dismissed and such decree dismissing the appeal and affirming the assessment is now adopted as the decree of this court. An exception is allowed to exceptants.