## Valvoline Oil Company's Appeal.

Argued April 15, 1942.

Before KELLER, P. J., CUNNINGHAM, BALD-RIGE, HIRT and KENWORTHEY, JJ.

*J. Campbell Brandon,* of *Brandon & Brandon,* with him *Donald Glenn,* for appellant.

*Robert M. Dale,* City Solicitor, and *F. Harold Gates,* County Solicitor, for appellees.

PER CURIAM, July 23, 1942:

Appellant is the owner of a three-story brick office building, well located on the edge of the business district in the City of Franklin. The building is upwards of twenty-five years old but has been well maintained. All three floors are occupied by tenants but the total rentals received show little profit after deducting operating and maintenance expense. The property was assessed for county purposes in 1940 at $40,000 and by the city assessor, for the same triennium, at $45,000. The board of tax revision and appeals of each municipality refused to reduce the assessment and on appeals to the lower court the assessments were sustained and the appeals dismissed. Both cases were consolidated for hearing and disposition by the lower court, and in the present appeals.

The duties of the county assessors, under the Act of May 22, 1933, P. L. 853, sec. 402, as amended, 72 PS 5020, and of the city assessor, under the Act of June 23, 1931, P. L. 932, sec. 2504 as amended, 53 PS 12198, are substantially the same. Both acts contemplate an

assessment of the property at "the actual value thereof."

Though the weight of the evidence is before us on these appeals (*Narberth Borough's Appeal*, 338 Pa. 581, 14 A. 2d 294) we may not assume the functions of chancellors. It is for the trial judge below, who saw and heard the witnesses and who had some familiarity with the property involved, to make findings of fact from the evidence in the first instance. Such findings when made have great force and we may not disturb them except for clear error. *Rockhill I. & C. Co. v. Fulton County*, 204 Pa. 44, 53 A. 530. We are not disposed to disturb them in these cases. The lower court, after a full hearing, found that assessments by the taxing authorities in Franklin were made on the basis of full actual value. And the court did not consider appellant's testimony as to value of sufficient weight to overcome the prima facie cases made out from the presumption that the assessors had performed their duties in accordance with the law and had assessed the property at its actual value. *Pennsylvania Stave Company's Appeal*, 236 Pa. 97, 84 A. 761.

However, the record must be returned to the court below for the purpose of equalizing the assessments. Conceivably, different formulas applied by two distinct taxing authorities in assessing the same property may lead to different results in determining actual value for tax purposes. And where uniformity of assessment in each municipality is shown, both assessments may be sustained on appeal though different in amount. Between the standard of actual value and uniformity of assessment, the latter must be given effect. *Allentown's Appeals*, 147 Pa. Superior Ct. 385, 24 A. 2d 109. But both valuations in these appeals cannot be sustained on that ground and therefore the court's order determining different valuations in the

same proceeding for the same property is anomalous. *Hunter's Appeal,* 344 Pa. 280, 25 A. 2d 709.

The record is returned to the court below with directions to equalize the assessments. Costs to be paid by appellants.