## Rohrbach Tax Assessment Case.

Argued October 25, 1944. Before KELLER, P. J., BALDRIGE, RHODES, HIRT, RENO and JAMES, JJ.

*Carl Rice,* for appellants..

*J. Mettler Pensyl,* City Solicitor, for appellee.

OPINION BY HIRT, J., December 13, 1944:

This is an appeal from a city assessment of land in Sunbury. The lot has a frontage on Market Street of 87.43 feet and an average depth of about 265 feet. The buildings are a large brick dwelling and a barn, converted into a garage with living quarters above it. It is admitted that assessments throughout the City of Sunbury are from 33% to 35% of actual value. On this basis the city assessor arrived at a value of $17,000 for tax purposes, for the triennium beginning with 1943. The property was assessed in the name of Hannah Rohrbach Estate. Appellant W. R. Rohrbach is a life tenant; the other appellants are remaindermen. The Board of Revision of Taxes and Appeals refused to modify the assessment. On appeal, however, the lower court found the value of the property to be $47,000 and applying the average percentage used by the assessor generally, reduced the assessment to $15,980. Appellants contend that the actual value of the land does not exceed $35,000 and that the assessment should be further reduced accordingly.

The standard of assessment of property in cities of the Third Class is "the actual value thereof": Act of June 23, 1931, P. L. 932, as amended May 25, 1939, P. L. 225, 53 PS 12198-2504. "Actual value" is market

value (*Pennsylvania Stave Company's Appeal,* 236 Pa. 97, 84 A. 761; *Hudson Coal Company's Appeal,* 327 Pa. 247, 193 A. 8; *Algon Realty Co. Tax Assessment Appeal,* 329 Pa. 321, 198 A. 49) and there is nothing in the 1939 amendment which indicates any intention of changing the basis for assessment to any standard other than market value. Market value is the amount "a purchaser willing but not obliged to buy the property would pay to an owner willing but not obliged to sell it, taking into consideration all uses to which the property is adapted and might in reason be applied." *Appeal of Penna. Co. for Ins. on L. & G. Annuities,* 282 Pa. 69, 127 A. 441.

The property in question is located in a desirable residence section in Sunbury. The city assessor, testifying for appellee, said that the value of the land without the buildings was about $5,000 though he valued other land in the immediate neighborhood at $25 a foot front. The main building is a brick dwelling house of 26 rooms built in 1910 and though well maintained, little change has been made in the structure since it was built. The house stands on an elevation above the street and is 45½ feet high from the top of the cellar wall to the mansard roof. Its pretentious bulk is one of many similar monuments to a past generation; it does not fit the present. A spacious masonry porch extends entirely across the front of the house with six pillars, three feet in diameter at the base and twenty-five feet high. By its size the building dominates the neighborhood. The city's one witness said of it: "It looks like the State Capitol." It is the largest dwelling house in the city; there is none other comparable with it. Regardless of architectural merit or absence of it, this building is of a class which, because of obsolescence, has a very questionable market above vacant land value.

One well qualified real estate dealer in Sunbury

testified that the market value of the property was $35,000. Another fixed market value at $30,000. In the judgment of a third, equally well qualified dealer in real estate (whose testimony however, was improperly excluded) the property would sell for not more than $26,000. Their composite testimony is to the effect that the bulk of the building and its marked degree of obsolescence, outmoding it as a dwelling house, makes it unsalable. In their opinion no purchaser could be found in Sunbury except perhaps some organization which might be interested in buying the property at a price, for use as a club house. All of the testimony indicates that the uses to which the property could be adapted are limited and that prospective purchasers would be few.

The only witness as to value on behalf of appellee was the city assessor. Unmindful of the valuation he put on the property as a basis for the assessment, he testified that the property was worth $70,000, but with this qualification: "If you could get it, that's a question." The lower court stated that little weight was given to his testimony although $12,000 of value was found by the court above the highest figure of any other witness, upon the testimony of the assessor. In our opinion his testimony is not entitled to any weight. Sales and market values in the neighborhood referred to by him support the testimony of appellant's witnesses rather than his estimate of value. His valuation according to other credible evidence was about the amount of reconstruction cost, new. The testimony of the assessor did not add anything to the prima facie case established by the assessment. *American Academy of Music Appeal*, 321 Pa. 433, 184 A. 657. This prima facie case was successfully rebutted by appellant's testimony. The weight of the testimony is before us on this appeal. *Allentown's Appeals*, 147 Pa. Superior Ct. 385, 24 A. 2d 109. In our judgment

there is no proof of market value of the entire property above $35,000. Accordingly 35% of that amount is the highest assessment value under the evidence.

The order is modified, at appellee's costs, by reducing the assessed valuation to $12,250.