## Barry Tax Assessment Case.

Argued September 28, 1945. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*E. B. Strassburger,* with him *Max U. Applebaum* and *Strassburger & McKenna,* for appellant.

*James M. Guffy,* Assistant County Solicitor, with him *John J. O'Connell,* County Solicitor, for appellees.

*Bennett Rodgers,* Assistant City Solicitor, with him *Anne X. Alpern,* City Solicitor, for City of Pittsburgh.

PER CURIAM, October 30, 1945:

The owner of property in the City of Pittsburgh appealed from the triennial assessment to the court of common pleas where the appeal was heard by Judge DITHRICH, who has since become a member of the Superior Court. He reduced the assessment from $298,110 to $254,510. The owner excepted and the exceptions were heard by a court in banc consisting of Judges McNAUGHER, THOMPSON and SOFFEL, who dismissed the exceptions. The owner then appealed to this court.

We think the case was properly disposed of as appears in the following extracts from the opinion of the learned court below:

"The property in question is the Dutch Henry Restaurant. The land consists of two lots. The restaurant occupies the entire ground floor and basement. The second floor, with separate Diamond Street entrance, covers the entire area.

"On April 29, 1942, the Metropolitan Life Insurance Company entered into a contract to sell this property to John A. Barry (the present owner) for the sum of $181,-000.00 payable as follows: $25,000 cash, the balance of $156,000, by mortgage, payable at the rate of $7800.00 per year, and the balance on October 1, 1957, with interest at 4% per annum. By deed dated May 25, 1942, and recorded June 2, 1942, in Deed Book Vol. 2739, page 45, the property in question was conveyed by the Metropolitan Life Insurance Company to John A. Barry, for the consideration of $181,000.

"It is admitted that the property was sold by a willing seller not obliged to sell to a willing buyer not obliged to buy. For a period of nine years prior to this sale, the parties had occupied the relation of landlord and tenant.

"The question for consideration here is narrow, to wit: whether proper consideration was given to the sale price of the property.

"The appellant would have us adopt the sale price as the proper valuation for tax purposes of the property in

question. To do this would make the sale price controlling, which is contrary to the act of assembly and the decisions which hold the sale price must be considered but shall not be controlling.

"The Act of May 22, 1933, P. L. 853, Article IV, Sec. 402, as amended by the Act of May 16, 1939, P. L. 143, Sec. 1, 72 P.S., Sec. 5020-402, provides as follows: 'In arriving at such value the price at which any property may actually have been sold shall be considered but shall not be controlling.'*

"In *Suerman v. Hadley*, 327 Pa. 190, the Supreme Court held, at page 205: 'Sale price, while an important element of market value, has never been held controlling. See *Edmond's Appeal*, 314 Pa. 382; *Westbury Apartments, Inc. Appeal*, 314 Pa. 130; *Hickey's Appeal*, 326 Pa. 467, where we held that the price for which the property sold at a bona fide sale was not controlling where evidence was adduced to show a higher value. The sale price was entitled to great weight as an important item of evidence but market value was the actual value for assessment uninfluenced by vague theories of actual value. Likewise, a bona fide offer of sale is not solely determinative of market value, but is merely evidentiary: *American Academy of Music Appeal*, 321 Pa. 433.'

"As to the exception based on the failure of the witness McCaffrey to break down his valuation into land and buildings, there is no merit.

---

* The entire section should be read. "It shall be the duty of the several elected and appointed assessors, and, in townships of the first class, of the assessors, assistant township assessors and assistant triennial assessors, to assess, rate and value all objects of taxation, whether for county, city, township, town, school, institution district, poor or borough purposes, according to the actual value thereof, and at such rates and prices for which the same would separately bona fide sell. In arriving at such value the price at which any property may actually have been sold shall be considered but shall not be controlling. Instead such selling price, estimated or actual, shall be subject to revision by increase or decrease to accomplish equalization with other similar property within the taxing district."

"It is argued that Mr. McCaffrey, testifying in behalf of the County and the City, failed to take the sale price into consideration. It is our conclusion, after reading the testimony, that adequate consideration was given to the sale price by Mr. McCaffrey in reaching his valuation."

Judgment affirmed.