## Tenth Street Building Corporation Tax Assessment Case.

Argued October 1, 1946. Before Maxey, C. J., Drew, Linn, Stern, Patterson, Stearne and Jones, JJ.

*Clarence T. Bryan,* with him *Bryan, Joslin & Bryan,* for appellant.

*Henry R. Jeffs,* Assistant City Solicitor, with him *Edward M. Murphy,* City Solicitor, for appellee.

OPINION BY MR. JUSTICE JONES, November 8, 1946:

The Secretary of Banking, as receiver of Erie Trust Company in liquidation, appealed to the court below from the assessment of certain properties in Erie, Pennsylvania, owned by the Trust Company. The assessment was for the triennium of 1943, 1944 and 1945 and was made by the assessor in 1942. The receiver's appeal embraced several properties, but the only assessment here involved covers a fourteen story bank and office building situate on a defined plot of ground at the corner of Tenth and State Streets in the City of Erie. The assessor valued the property for purposes of taxation at $700,000 for both land and building, and the board of revision confirmed the assessment.

Before the appeal from the assessment had been heard by the court below, viz., in June 1943, the receiver, thereunto authorized by court order, exposed the property for public sale after due advertisement and sold it to Tenth Street Building Corporation for $465,000 cash. The court duly confirmed the sale. Subsequently, on petition in the appeal proceeding, the new owner was given leave by the court to intervene therein as an interested party; and, thenceforth, the assessment appeal was carried on by the Tenth Street Building Corporation. After full hearings and upon findings made, the court sustained the appeal and fixed the assessment valuation of the property at $525,000. From that order, the Tenth Street Building Corporation brings its appeal to this court, contending that the court below erred in refusing to accept the price obtained for the property at the public sale as conclusive of the actual value of the property for assessment purposes.

Under the statute presently applicable, the assessable value of a property is its "actual value": Act of May 25, 1939, P. L. 225, sec. 1, 53 P.S. § 12198-2504. At a former time, when the assessment inquiry was directed at the ascertainment of a property's "fair public sale value",

as under the Act of June 23, 1931, P. L. 932, whereof the Act of 1939, cit. supra, is an amendment, the price at which a property had sold at a bona fide sale, whether public or private, was never more than evidentiary of its value for assessment purposes. At no time under the prior statute was the sale price of a property, *ipso facto*, conclusive or even controlling on the question of the property's assessable value: see *Suermann v. Hadley*, 327 Pa. 190, 205, 193 A. 645; *Hickey's Appeal*, 326 Pa. 467, 469, 192 A. 923; *Edmonds's Appeal*, 314 Pa. 382, 384, 172 A. 103; *Allentown's Appeals*, 147 Pa. Superior Ct. 385, 387, 24 A. 2d 109. In instances where the price obtained at a bona fide public sale, widely advertised and well attended, became conclusive of the assessment value of the property involved (cf. *Kaemmerling's Appeal*, 282 Pa. 78, 127 A. 439), it was not because such effect was arbitrarily imputable by law to the sale price but because the evidence which that price afforded in the particular case constituted a preponderance of the competent and relevant proof on the subject. The probative effect of the selling price of a property, as evidence of its assessable value, is no greater where the inquiry, as here, is as to the property's "actual value": *Barry Tax Assessment Case*, 353 Pa. 72, 74, 44 A. 2d 296. Indeed, the Act of 1939 expressly provides that "In arriving at such value ["actual" for assessment purposes] the price for which any property would separately bona fide sell, or the price at which any property may bona fide actually have been sold, shall be considered, but *shall not be controlling*." (Emphasis supplied).

The appellant insists, nonetheless, that the sale price *in this case* is controlling on the question of "actual value" because the court below had lately confirmed the receiver's sale at the price thereby obtained for the property. The fallacy of this argument lies in the fact that, upon the receiver's application for court confirmation of the sale, it was not within the province of the

court to withhold approval of the sale on the ground that the sale price was less than the actual or fair market value of the property. Under the statute regulating sales of real estate by the Secretary of Banking as receiver of banks in liquidation, it is the court's statutorily prescribed duty to confirm such a sale "if all the terms and conditions of [the court's] order authorizing such sale have been complied with": Act of May 15, 1933, P. L. 565, Art. VII, § 718, 71 P.S. § 733-718. The price so obtained for a property may, therefore, be very little, if any, evidence of either the property's actual or fair market value. The independent bargaining attributes of the parties to a sale whose price affords *some* evidence of the property's market value were not present in this instance: cf. *Appeal of Pennsylvania Co. for Insurances on Lives and Granting Annuities,* 282 Pa. 69, 74, 127 A. 441.

In fact, the price obtained for the property at the receiver's sale in the instant case was "below [its] actual fair market value". The learned court below justifiably so concluded. It could hardly have been otherwise in the circumstances. The sale was not by a seller who, although willing, was *not* bound to sell. There was a certain amount of compulsion to the receiver's action. His disposal of the property was essential to the final wind-up of the bank liquidation, which was then in its tenth year; and, during all of that time, the property had been generally known as "on the market" without a prospective buyer. Moreover, because of the requirements of the liquidation, the sale of what was "admittedly the largest" office building in Erie had to be *for cash* and the court's order of authorization competently so specified. The depreciating effect of such circumstances and conditions upon the price obtainable for the property at the public sale is manifest. Cf. *Hickey's Appeal,* supra, at p. 469. There, this court directly ruled that the price received at a sale in fulfillment of a decree

in partition, which sale the orphans' court approved, was not conclusive on the question of the property's value for the purposes of assessment. The *Hickey* case is presently very much in point.

By the Act of 1939, cit. supra, assessors are enjoined to treat with the bona fide selling price of a property in such a way as ". . . to accomplish equalization with other similar property within the taxing district". On the question of equality of assessment in the instant case, the court below found that ". . . the city produced evidence of the size, quality and age of five other office buildings which were most comparable, . . .". As a consequence, "It appear[ed] quite evident [to the court] that any further reduction of assessment in the case at bar would necessarily require comparable reductions in these properties, and thereafter this would be followed by similar action throughout the business area of the city, notwithstanding the fact that sales of other business properties would indicate such reduction unjustified". In that situation, the learned court below was fully justified in concluding that "The adoption of [the sale] price [as controlling] in this case would be inequitable; . . .".

The selling price was given its full legal significance when the court considered it along with the other evidence in the case in arriving at the "actual value" of the property for assessment purposes. With respect to the valuation so placed upon the property, the learned court below expressly affirmed that it "reflects [the court's] consideration of the sale price as well as the testimony of the experts called on behalf of the appellant [taxpayer] and the city". In short, it represents a competently found fact. The appellant is, therefore, without just cause for complaint.

The order of the court below is affirmed at the appellant's costs.