## Concannon v. Haile

*Frank S. Moser*, for plaintiff.
*John L. Pipa, Jr.*, for defendant.

TROUTMAN, J., March 10, 1952.—This case is before the court on the plaintiff's motion for judgment on the pleadings. The pleadings consist of plaintiff's complaint and defendant's answer thereto. For the purpose of disposing of this motion, the court will accept as true the averments of fact of defendant, provided they are well pleaded, material and relevant; inferences of fact which are fairly deducible from the facts pleaded and facts of which the court may take judicial notice: Cary v. Lower Merion School District et al., 362 Pa. 310, 312; Lacey v. Stove Works, Inc., 59 Dauph. 425. Conclusions of law are not admitted. A summary judgment on the pleadings is improper where the case is not clear: Kittaning Coal Company v. Moore et al., 362 Pa. 128. Such judgment can only be entered for plaintiff where the answer of defendant admits every material averment of plaintiff's claim and does not set up a valid defense. Judgment should not be granted on the pleadings if there is any question of fact involved.

The pleadings establish that on August 7, 1934, plaintiff, Anna G. Concannon, who was then known as Anna G. Boblick, purchased the northern half of lot 6, in block 187, in Shamokin Borough, Northumberland County, Pa., from defendant, Elizabeth C. Haile, who was then known as Elizabeth C. Burdish. The deed granted easements as to building lines and sewer pipes and also contained the following clause:

"It is further agreed between the parties hereto and it is one of the considerations of this conveyance that

in the event either of the parties hereto desire to sell their respective properties, the other party shall have the first right to purchase the same at the fair market value of the property at the time of said sale."

In the third paragraph of plaintiff's complaint, it is averred that defendant conveyed an estate in fee simple in the real estate in question to plaintiff and attached a true and correct copy of the deed, marked exhibit A. In the third paragraph of defendant's answer, it is admitted that defendant conveyed to plaintiff the premises described in exhibit A, attached to the complaint, but denied that the premises were conveyed in fee simple. The averment in the complaint and the denial in the answer do not raise any issue of fact for the question as to whether or not the property was conveyed in fee simple is a legal one which can be resolved by the court from the deed itself.

The complaint avers that on November 8, 1948, plaintiff and her husband, Thomas L. Concannon, entered into a written agreement with the Kelly Real Estate Agency authorizing the agency to act as their agent in the sale of the premises, which had been purchased from defendant, and on December 8, 1948, plaintiff sent a written notice to defendant, by registered mail, offering to sell the real estate to her for $7,500, and if she failed to act on the offer by December 28, 1948, it was the intention of plaintiff to sell the real estate to persons other than defendant for that sum. This offer was refused by defendant.

Plaintiff and her husband, acting through the Kelly Real Estate Agency, contracted with Michael T. Zyla and Delores Anne Zyla, husband and wife, to grant and convey to them a good and marketable title to the premises, for a consideration of $7,500. The prospective purchasers refused to proceed with the transaction on the ground that plaintiff was unable to convey a good and marketable title to the premises because of

the clause in the deed concerning the right of the respective parties to have the first opportunity to purchase the property upon a sale thereof.

Defendant contends that the purchase price of $7,500 did not represent the fair market value of the premises and offered to purchase the property of plaintiff for $6,250, which she considered to be the fair market value. This offer was refused by plaintiff.

This action is brought by plaintiff to quiet title under Rule 1061 of the Pennsylvania Rules of Civil Procedure. From the allegations of the complaint, plaintiff seeks relief on the ground that the provision in the deed in reference to repurchase is an unlawful restraint and is invalid or, if the provision is valid, it has been discharged by virtue of the offer made by plaintiff to sell the premises to defendant for the sum of $7,500.

In construing the words of any written document, whether it be a deed, will, contract or any other writing, the intent of the parties is the guide to interpretation: Hindman v. Farren et al., 353 Pa. 33, 44 A. (2d) 241. A careful reading of the deed delivered by defendant to plaintiff for the premises in question shows it to be the regular form of a fee simple deed. Except for the easements concerning property lines and sewer pipes and the clause concerning repurchase by either party the deed is in the usual form and, on its face, passes to the grantee a fee simple title to the premises conveyed. The habendum clause in the deed gives the real estate to the grantee, her heirs and assigns forever, and since the purpose of the habendum clause in a deed is to determine what estate passes, we are of the opinion that it is controlling in this case: Ontelaunee Orchards, Inc., v. Rothermel et ux., 139 Pa. Superior Ct. 44, 99. Clearly, the habendum clause evidences an intention to convey an estate in fee simple, vesting such an estate in the grantee.

The deed of conveyance shows that the grantor conveyed to the grantee a legal estate in fee simple subject to a preëmptive provision, mutual in nature, for the grantor to repurchase the premises granted in the event of sale, and for the grantee to purchase the property remaining in the hands of the grantor in the event of a sale by the grantor of her premises. This provision in the deed is analogous to an option upon a condition precedent. If the grantee desires to sell her property, then the grantor has the first opportunity to buy at the fair market value of the property at the time of said sale. This provision in the deed is mutual in nature for the grantor affords the same opportunity to the grantee if she should desire to sell the remaining portion of her real estate. The grantor, defendant in this case, cannot compel the resale of the property to her by the grantee, plaintiff herein, but if the grantee desires to sell, then the grantor is given the right to purchase the property. The same situation would arise if the grantor desired to sell her portion of the property. Is such a provision valid in a deed which otherwise conveys a fee simple estate?

Plaintiff contends that this preëmptive provision is invalid in that it is an unreasonable restraint on the alienation of land and violates the rule against perpetuities.

An examination of the provision contained in the deed shows that it is a promissory restraint on the alienation of a legal estate. It provides for no forfeiture if the grantee fails to comply with the provision. A promissory restraint or forfeiture restraint on the alienation of a legal estate in land which is in the form of a provision that the owner of the estate shall not sell the same without first offering to a designated person the opportunity to meet, with reasonable expedition, any offer received, is valid, unless

it violates the rule against perpetuities: A. L. I. Restatement of the Law of Property §413(1).

The interference with alienation present in a requirement that the former owner be afforded a reasonable opportunity to meet any offer received from a third person by an owner desirous of selling is so slight that the major policies furthered by freedom of alienation are not infringed to a degree which requires invalidation. Under these circumstances, the owner has two potential buyers at the same price and is assured of a reasonably prompt culmination of the sale.

However, when, by the terms of the restraint, the price at which the estate must be offered to the former owner is fixed or is less than the full market value, there is a substantial curtailment of the alienability of the land and, therefore, to be valid must be reasonable under the circumstances. The instant provision does not provide that the grantor shall have the first right to purchase the property at the price offered the owner of the premises but it provides that upon the desire of the grantee to sell her property the grantor shall have the first right to purchase the same at the fair market value of the property at the time of sale.

The price which the third person has offered plaintiff for her property is not conclusive of the fair market value of the premises for while it may have evidentiary value, it is not conclusive of the fair market value. Ordinarily, by "fair market value" is meant the price which a purchaser, willing but not obliged to buy, would pay an owner, willing but not obliged to sell, taking into consideration all the uses to which the property is adapted and might in reason be applied: Hickey's Appeal, 326 Pa. 467, 469; Union National Bank of Pittsburgh v. Crump et al., 349 Pa. 339, 343. Consequently, the restraint contained in this preemptive provision does interfere with alienation for the fair market value of the premises may be considerably

lower than the offer which might be made by a third person to buy the premises. Conceivably, this would have a deterring effect upon the grantee's willingness to sell her property.

The very situation which gives rise to this litigation illustrates the uncertainty of the term "fair market value" as contained in this provision. This provision prevents the owner from obtaining the best price possible for her property and while the owner may be free to offer her property for sale to anyone, the net result due to this restriction is that she may be obliged to sell the premises to the former owner at a greatly reduced consideration, if the former owner desires to buy the property herself.

The provision contains no method by which the fair market value may be ascertained and unless the parties can agree what the fair market value of the premises at the time of a proposed sale would be, it is quite conceivable that plaintiff and defendant would be obliged to institute litigation to determine the same. Therefore, we conclude that the preëmptive provision in the deed, which but for that provision, conveys an estate in fee simple to plaintiff, is an unreasonable restraint on alienation, and therefore invalid.

We are of the opinion that this restraint violates the rule against perpetuities, which makes it invalid for that reason. The provision in the deed provides that in the event either of the parties desire to sell their respective properties, the other party shall have the first right to purchase the same at the fair market value of the property at the time of sale. It contains no limitation as to the length of time the provision shall be effective and it places no limitation of time during which the purported option to purchase might be exercised. The language of the provision itself used the word "parties" and defendant contends that the

option to repurchase is a personal one and does not extend beyond lives in being in violation of the rule against perpetuities. We cannot agree with this conclusion. There is no language in the clause that would limit the exercise of this preëmptive right to the individual parties to the deed. When the word "party" is used in the deed it generally includes not only the individual person but also his or her heirs. From the language used in the clause, it cannot be restricted to the individuals who are parties to the deed alone. There is no attempt to limit its effect during the lifetime of either of the parties.

The rule against perpetuities applies to options: Barton v. Thaw, 246 Pa. 348.

Inasmuch as it has been determined that the provision in the deed is invalid, plaintiff by the deed of conveyance from defendant, has title to the premises in question in fee simple relieved of the restraint, and it is unnecessary to consider whether or not plaintiff has complied with the terms of the provision in offering to sell the premises to defendant for the sum of $7,500.

Plaintiff is entitled to judgment on the pleadings and her motion must be granted.

### Order

And now, to wit, March 10, 1952, it is ordered, adjudged and decreed that the paragraph contained in the deed of Elizabeth C. Burdish to Anna G. Boblick, dated August 7, 1934, and recorded in the Office for the Recording of Deeds in and for Northumberland County on August 11, 1934, in Deed Hook 257, page 94, which reads as follows: "It is further agreed between the parties hereto and it is one of the considerations of this conveyance that in the event either of the parties hereto desire to sell their respective properties, the other party shall have the first right to purchase the same at the fair market value of the

property at the time of said sale.", is invalid and is of no effect and, specificially, that the parties to this deed are not entitled to repurchase the respective premises under the clause hereinabove set forth and are hereby forever barred from asserting any rights thereunder. It is further ordered that this decree or a certified copy thereof shall be entered in the Office of the Recorder of Deeds of Northumberland County, indexed against defendant and in favor of plaintiff and that a note of its filing and the volume and page of its recording be entered upon the margin of the record of the deed. Costs are to be paid by defendant.